SADLER, Plaintiff-Appellee, v. BROMBERG, d. b. a. STERLING SUPPLY COMPANY, et al., Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4468.   Decided October 11, 1950.

## 74

John F. Sisson, Columbus, for plaintiff-appellee.
Benjamin F. Levinson, Columbus, for defendant-appellant.

### OPINION

By THE COURT.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County, Ohio.

Defendant-appellant contracted to install steel wall tile and certain plumbing fixtures in the kitchen and bath room in the residence of plaintiff-appellee. Several months after the tiling was installed a number of the squares of the tile fell from the walls and ceiling of both the kitchen and the bath room. Defendant-appellant made repairs at various times, replacing the tile which had fallen, but the tile continued to fall from the walls and ceilings of both rooms.

Plaintiff sued for damages for breach of contract. The jury returned a verdict for $1300.00. Judgment was entered on the verdict. On motion for new trial the Court found the verdict to be excessive in the sum of $300.00. The motion for new trial was overruled upon the plaintiff accepting a remittitur in the sum of $300.00.

The defendant-appellant assigns as error that the verdict is contrary to law; against the manifest weight of the evidence; was returned by reason of passion and prejudice on the part of the jury, and is excessive; misconduct of counsel for plaintiff; that the judgment is not sustained by sufficient evidence, and is contrary to law. After a careful consideration of the entire record in the case we do not find such assigned errors well made.

The defendant-appellant also assigns as error that the Court erred in its general charge. The Court charged on circumstantial evidence and stated that from certain facts proven the jury had a right to draw direct logical inferences in determining the existence of other facts. The Court charged that the inference must be based on reason and that the verdict should never be arrived at based purely upon guesswork or conjecture. The defendant contends that the charge should have been more complete on this matter. The defendant only took a general exception to the charge. The error complained of cannot be urged here inasmuch as counsel for defendant made no request for an additional charge, although the record shows that the Court invited suggestions at the end of the

charge. If error was committed it was an error of omission and not of commission and would not constitue reversible error if the charge as given is unobjectionable. **Columbus Ry. Co. v. Ritter, 67 Oh St 53, 65 N. E. 613; Portney v. Frank, 77 Oh Ap 357, 65 N. E. (2d) 290; Hubbard v. Cleveland C. & C. Highway, 81 Oh Ap 445, 76 N. E. (2d) 721, 50 Abs 78; Bachman v. Ambos, 83 Oh Ap 141, 79 N. E. (2d) 177, 50 Abs 97; Kleinhans v. American Gauge Co., 83 Oh Ap 453, 80 N. E. (2d) 626, 52 Abs 104; Vol. 2 O. Jur. p. 909.**

The defendant-appellant also contends that the Court gave an erroneous charge with respect to the measure of damages. The Court charged as follows:

"The measure of damages in this case would be in such an event the reasonable cost of material and labor required to restore this job so as to place it in the condition contemplated by the parties when they signed this contract, that is, such an amount as would be the reasonable cost of restoring the job in both the kitchen and the bath room in a substantial and workmanlike manner."

The defendant contends that the measure of damages is the difference in market value of the property immediatel' before and after the injury. This is the rule with respect to personal property. It is not generally applied to actions for damages growing out of real estate building contract cases. In the written contract which was entered into the defendant agreed to perform the work in a "substantial and workmanlike manner." Whether or not the defendant had performed its contract in a substantial and workmanlike manner was the principal issue in the case. In Vol. 123 A. L. R. p. 520, a statement with respect to the measure of damages in such cases is as follows:

"In almost all, if not in all, of the jurisdictions in which the precise point has arisen, cost of correction or completion rather than loss in property value ordinarily affords the proper basis for measuring the damages which result to the owner from the breach of a building or construction contract, or other contract to change the condition of real property. The propriety of applying such measure of damages is especially clear where correction or completion would not involve unreasonable destruction of work done by the contractor and the cost thereof would not be grossly disproportionate to the results to be obtained."

In support of the editor's note numerous cases are cited from various states of the Union. No case is cited from Ohio. However, in **Vol. 13 O. Jur. p. 100** the text is as follows:

"In fixing the measure of damages recoverable against a

building contractor who has so negligently done his work that the parts built by him are useless, the jury are at liberty to take into their estimate of the injury the money paid out to put the building in the condition it would have been in, if the work had been well done; also, the inconvenience and interruption of the plaintiff in the enjoyment of the premises, the loss of its use, the injury to the furniture, and whatever else entered into the injury actually sustained, and also the expense of obtaining legal redress."

In support of the text the case of Somerby v. Tappan, Wright, 229, 570, is cited.

In our opinion the trial court properly charged with respect to the measure of damages.

Finding no error in the record prejudicial to the defendant-appellant, the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.