VANDERSCHRIER ET AL., APPELLEES, *v.* AARON ET AL., APPELLANTS.

(No. 24012—Decided March 7, 1957.)

*Messrs. Ford, Clarke, Rowland & Wegman,* for appellees.
*Mr. Bernard Friedman,* for appellants.

DOYLE, J. In the year 1954, Jacobus and Jannette Vanderschrier, husband and wife, contracted for the purchase of a single-family dwelling house in the city of Cleveland, Ohio, and soon thereafter they occupied it as a home.

In a petition filed by them in the Municipal Court of South Euclid, Ohio, in which they sought compensation for damages from the sellers (who were also the builders), Kenmore Aaron and Abe Holick, partners, they claimed that the house had not been constructed in a workmanlike manner, in that the sewer line leading from the house to the main sewer of the city of Cleveland, located in the street in front, had not been properly connected; mortar, or other suitable binding material, had not been used in the construction thereof; and the sewer had not been tested for the purpose of determining its adequacy and efficiency.

The complaint continued by stating that in fact the sewer failed to carry away the waste material, and, as a result thereof the basement of the home became flooded with sewage, which damaged furniture and carpeting, and caused the house to be "unsanitary and unhealthful to live in * * *."

The cost to them of work and materials in abating the fault and restoring the premises, coupled with the loss through damage to their furniture and carpeting, was made the basis of their claim for compensation.

The case was tried to the court without the intervention of a jury, and at the conclusion of the trial a judgment was entered for the petitioners and against the defendants. Findings of fact and conclusions of law were neither sought by the litigants nor made by the court. We have, therefore, in this appeal by the defendants, only the original papers and judgment in the case, together with a bill of exceptions recording the testimony, exhibits, and proceedings of the trial.

In this opinion we will not go into a discussion of the duty of the seller of a completed house to the buyer, with the ever-varying circumstances surrounding such sales. Nor will we discuss the legal questions of *caveat emptor* and express warranty, except to. say only that the vendor of a *completed house,* in respect of which there is no work going on and no work to be done, does not generally, in the absence of some express bargain or warranty, undertake any obligation with regard to the condition of the house. We will not discuss the legal questions involving the sale of a completed house, because in the case before us there is substantial evidence that the house was not completely constructed when sold.

What is the law, or what should be the law, under such circumstances?

Before deciding this question, it perhaps should be said that there is evidence which indicates that, when the house was sold, the door handles had not been installed, work on electrical fixtures had not been completed, nor had water connections for the bathroom been accomplished, or the driveway installed; and, in addition, the necessary work in installing the sewer and its connections, to enable it to carry away properly the effluent from the house, had either not been completed, or, if completed, the work had not been performed in an efficient and workmanlike manner.

Every generation of lawyers and judges enjoys the use of a vast hoard of basic legal principles bequeathed to it by judges and lawyers of a former age, and transmits that hoard, augmented by fresh acquisitions, to future ages.

In the law of England, we find the rule to be that, upon the sale of a house in the course of erection, there is an implied warranty that the house will be finished in a workmanlike man-

ner. *Perry* v. *Sharon Development Co., Ltd.* (1937), 4 All E. R., 390.

In this country, we have found but few cases bearing upon the question. We have found none in this state directly touching it. See cases cited in "Right of Purchaser in Sale of Defective House," 4 Western Reserve Law Review, 357.

In establishing the law for this case, we adopt the law pronounced in the English case cited *supra.* We believe it to be salutary and based upon sound legal reasoning.

We conclude by saying that, in the appeal before us, sufficient credible evidence established the fact that the house, when sold, was still in the course of construction and incomplete; and the bargain implied in law between the sellers and the buyers was the completion of the entire house in such a way that it would be reasonably fit for its intended use, and that the work would be done in a reasonably efficient and workmanlike manner.

The judgment of the trial court in awarding damages, we find is within the limits of the evidence and the law. We find no error in the proceedings prejudicial to the rights of the appellants.

The judgment will be affirmed.

*Judgment affirmed.*

HUNSICKER, P. J., and STEVENS, J., concur.

HUNSICKER, P. J., DOYLE and STEVENS, JJ., of the Ninth Appellate District, sitting by designation in the Eighth Appellate District.