PLATNER, APPELLEE, *v.* HERWALD, D.B.A. HAROLD'S KITCHEN & REMODELING, APPELLANT.

(No. 84AP-414—Decided November 15, 1984.)

*Gottfried & Palmer* and *Gary J. Gottfried,* for appellee.

*Sheward & Weiner* and *Sam B. Weiner,* for appellant.

STILLMAN, J. This appeal arises from a dispute between contracting parties over the replacement of floor covering in a home owned by the plaintiff-appellee, Robert Platner.

In February 1982, the homeowner entered into a written agreement with the appellant providing for the removal of flooring in particular areas of the house and its replacement with new materials described as "Solarian II." This work was not performed to the satisfaction of appellee; and, after replacing the material, he sued for damages in the Franklin County Municipal Court.

At trial, there was testimony that "a very poor installation job" had been performed. The court heard a cost estimate for replacement and arrived at a judgment in favor of the homeowner in the amount of $1,452.35.

A single assignment of error has been presented to this court on appeal. It declares:

"When a timely objection is made during the course of trial as to the improper method of proving damages, under the 'cost of repair' doctrine, the trial court commits prejudicial error when it permits the plaintiff to proceed, and the court ultimately awards plaintiff damages under this improper mode of proof."

A strikingly similar case to the litigation *sub judice* was presented to this court in *Sadler* v. *Bromberg* (1950), 62 Ohio Law Abs. 73. There, a contractor had agreed to install wall tiles and plumbing fixtures in the kitchen and bathroom of the family residence. The tiles persisted in falling from the walls and ceiling. The homeowner attempted unsuccessfully to repair the condition. Eventually he replaced the tiles and filed suit. The defendant asserted that the measure of damages was the difference between the market value of the property before and after the "injury."

In rejecting this argument, the appellate court declared that the rule of damages to be applied was the cost of correction or completion of the contract as contemplated. The principal issue, in the court's view, was the performance of the contract in a workmanlike manner. On this basis the judgment of the lower court was sustained.

An examination of the law of damages reinforces the propriety of this approach. In determining damages for defects or omissions in the performance of a building or construction contract, the legal rule is that a party is entitled to have what he contracted for or its equivalent. *Spraggins* v. *Ronke* (Ohio App. 1959), 160 N.E. 2d 334.

The cost-of-repair rule has been applied to defects in floor construction, both in residences and commercial buildings. The owner of the structure is entitled to the proper performance of the contract. See *Harris* v. *Holder* (1950), 217 Ark. 434, 230 S.W.2d 645.

We find, therefore, that the court below did not err in its rejection of appellant's proposed method for determining the amount of damages sustained by appellee. The trial judge heard evidence relating to the cost of replacing the defective work performed by appellant. He found the amount to be $2,048.35 but also determined that labor charges of $636 were excessive. He deducted this figure and then added $40 for trash removal, arriving at a judgment of $1,452.35 for the appellee.

We find no error prejudicial to appellant, and, accordingly, overrule the assignment of error and affirm the judgment rendered below.

*Judgment affirmed.*

McCORMAC, P.J., and STRAUSBAUGH, J., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.