BARTON ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* ELLIS ET AL. D.B.A. E & E REMODELERS, APPELLANTS AND CROSS-APPELLEES.

(No. 86AP-349—Decided December 23, 1986.)

*Luper, Wolinetz, Sheriff & Neidenthal, Frederick M. Luper* and *Mark S. Miller,* for appellees and cross-appellants.

*Vincent De Pascale,* for appellants and cross-appellees.

*Per Curiam.* Defendants, William Ellis and Emmett Brown, d.b.a. E & E Remodelers ("E & E"), appeal from a judgment of the Franklin County Municipal Court finding them liable for damages in the amount of $3,617.44 for breach of contract with plaintiffs, George and Madeline Barton. Plaintiffs have cross-appealed the amount of damages awarded.

Pursuant to a proposal submitted September 30, 1983, George and Madeline Barton entered into a contract with E & E to remodel various areas of the Bartons' home for $10,085. The work involved enclosing a back porch, remodeling the kitchen, installing a bathroom in the basement, and various other items. The contract was modified to include installation of a ceramic tile floor in the kitchen for an additional $250.

Numerous problems developed with the work performed by E & E, in particular, cracking and failing of the kitchen floor tile and grout, and leaking plumbing in the basement.

After notifying E & E of problems with the work done, and becoming unsatisfied with E & E's response, George Barton filed suit on January 29, 1985. Upon E & E's motion, Madeline Barton was joined as a party-plaintiff at trial.

The trial court rendered judgment March 27, 1986, finding that:

" * * * [S]ome of the defendants' work was substandard and that defendants have breached the contract entered into between themselves and the plaintiffs. * * * Defendants agreed to perform all of the work set forth in the contract. * * * In so doing, defendants agreed to perform the work in a good and workmanlike manner. * * *"

The Bartons were awarded damages in the amount of $3,617.44, representing the cost to repair the various items of work found to be deficient.

E & E asserts four assignments of error on appeal:

"I. The court erred in substituting as a standard of performance the complete satisfaction of the plaintiffs, to the derrogation [sic] of the legal standard, which is the standard of the trade for the price paid.

"II. The court erred in accepting an unperformed, unpaid estimate, for quality in excess of that in the original contract, as the measure of damages.

"III. The court erred in finding the defendants in breach of contract for items outside the evidence.

"IV. The verdict is contrary to the manifest weight of the evidence."

The plaintiffs cross-appeal with one cross-assignment of error, which states:

"The trial court erred in assessing and awarding damages with respect to the installation of a large Picture Window in that the amount awarded was less than the amount of damage established at trial."

We overrule the assignments of error and the cross-assignment of error and affirm the judgment of the trial court for the reasons set forth below.

The duty to perform in a workmanlike manner is imposed by common law upon builders and contractors. *Mitchem* v. *Johnson* (1966), 7 Ohio St. 2d 66, 36 O.O. 2d 52, 218 N.E. 2d 594; *Velotta* v. *Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St. 2d 376, 23 O.O. 3d 346, 433 N.E. 2d 147. This duty is rooted in the English common law, see *Vanderschrier* v. *Aaron* (1957), 103 Ohio App. 340, 342, 3 O.O. 2d 367, 368, 140 N.E. 2d 819, 821, and finds its first expression in Ohio law in *Somerby* v. *Tappan* (1833), Wright 229, and *Somerby* v. *Tappan* (1834), Wright 570, syllabus (a mechanic undertaking a job in the way of his trade at the common price impliedly engages to bring to the work the common skill of his profession and to do the work in a workmanlike manner). Subsequent developments in Ohio case law have rejected inferences from these earlier expressions upon which an implied warranty of fitness for a particular purpose might have been imposed by law, *Mitchem, supra; Velotta, supra; Elizabeth Gamble Deaconess Home Assn.* v. *Turner Constr. Co.* (1984), 14 Ohio App. 3d 281, 14 OBR 337, 470 N.E. 2d 950, but have reaffirmed the duty to perform in a workmanlike manner.[1] *Velotta, supra; Mitchem,*

---

[1] We note, however, the extension of the duty to perform in a workmanlike manner in *McMillan* v. *Brune-Harpenau-Torbeck Builders, Inc.* (1983), 8 Ohio St. 3d 3, 8 OBR 73, 455 N.E. 2d 1276, which, as a practical matter, makes the duty function more like a warranty.

supra; *Lloyd* v. *William Fannin Bldrs.* (1973), 40 Ohio App. 2d 507, 69 O.O. 2d 444, 320 N.E. 2d 738; *Tibbs* v. *National Homes Constr. Corp.* (1977), 52 Ohio App. 2d 281, 6 O.O. 3d 300, 369 N.E. 2d 1218; *Sadler* v. *Bromberg* (App. 1950), 62 Ohio Law Abs. 73, 75, 106 N.E. 2d 306, 307.

Application of this standard has resulted in a distinction between the sale of a completed residence on the one hand, and the contracting for future construction services on the other (*e.g.*, the sale of partially completed residences with some work to be completed, remodeling, or modification of existing structures). Absent express or implied warranties as to the quality or fitness of work performed, the liability of a builder-vendor of a *completed* structure for failure to exercise reasonable care to perform in a workmanlike manner sounds in tort, and arises *ex delicto*. The essential allegation is that the builder-vendor's negligence proximately causes the vendee's damages. *Velotta, supra; Mitchem, supra*. By contrast, in the provision of future services, liability arises *ex contractu* as an implied bargain, *Vanderschrier, supra*, provision, condition, or term of sale, *Mitchem, supra*, at 73, 36 O.O. 2d at 56, 218 N.E. 2d at 599. See *Lloyd, supra*. Contra *Elizabeth Gamble Deaconess Home Assn., supra*.

E & E's emphasis upon the price paid for the remodeling work is overstated. While relevant, contract price alone does not excuse one from the duty of workmanlike performance imposed by law. That is, for example, even the cheapest bathroom and laundry fixtures may be installed to operate without leaking. As explained by the trial court in its decision:

" * * * While the Court is convinced that the plaintiffs were money conscious, [authorizing the installation of both used and new, but inexpensive, materials], they nonetheless rightfully expected the work to be performed in a good and workmanlike manner, unless otherwise agreed. Nothing in the evidence before this Court indicates that defendants indicated to plaintiffs, much less contracted with plaintiffs, that the work would be substandard due to the plaintiffs' concern about money."

The trial court clearly applied the correct standard of law in establishing E & E's breach of contract, and accordingly the first assignment of error is overruled.

The second assignment of error asserts that the trial court utilized an improper measure of damages, arguing that estimates relied upon by the trial court contemplated higher quality products and installation, enhancing, rather than mitigating, the damages claimed. E & E contends that the proper measure of damages is the Bartons' actual loss, not the cost to repair the defective work. Focusing particularly upon the award of damages for repair of the kitchen floor, E & E further contends that its offer to cure the defective work by substituted performance—installation of linoleum rather than ceramic tile on the floor—must be considered in awarding damages. *Bisher* v. *Richards* (1859), 9 Ohio St. 495.

This court has held that the cost of repair is the proper measure of damages for defects in floor construction, *Platner* v. *Herwald* (1984), 20 Ohio App. 3d 341, 20 OBR 445, 486 N.E. 2d 202, syllabus, and for construction defects in general, *Sadler* v. *Bromberg, supra*, as the owner of a structure is entitled to the proper performance of the contract. See, also, *Spraggins* v. *Ronke* (Ohio App. 1959), 160 N.E. 2d 334.

As the trial court applied the cost-to-repair rule in assessing damages, the question now becomes whether the estimates of repair costs received into evidence were properly relied on. We find in the affirmative.

E & E argues that the estimate of

the cost to repair submitted by the Bartons includes activities and higher-grade materials not contemplated by their bid to do the work. While the owner of a structure is entitled to proper performance of the contract, we agree with E & E that the Bartons are not entitled to more than they bargained for. However, E & E's general allegation is unaccompanied by a specific detailed itemization. We decline to accept the invitation to speculate and recognize that the repair of deficient work may involve both additional activities necessitated by the deficient work, and activities previously omitted, but necessary, to proper performance in a workmanlike manner.

Expert witnesses provided both oral testimony and written estimates of the cost to repair the defective work performed by E & E. Contrary to E & E's assertion, performance of the repair work, as quoted, is not a prerequisite to the evidentiary validity of the estimates given. The trial court carefully examined the estimates and deleted from the award of damages the cost of a high grade cast iron sink and the cost of a new double-paned Pella window, and inserted the cost to repair the sink and window actually installed by E & E.

Certainly, *Bisher, supra,* cited by E & E, stands for the proposition that evidence of mitigation of damages should be heard by the trier of fact in determining the extent of liability for damages. Here, the trial court heard evidence concerning E & E's offer of substituted performance. The Bartons had no legal obligation to accept the proposed modification, and their rejection of this offer, based upon E & E's past performance, did not enhance their loss. As such, there was no failure on their part to mitigate damages.

Our review of the estimates of repair relied on by the court leads us to conclude that the Bartons would re-

ceive nothing more than what they bargained for, and we find no error as a matter of law in the amount awarded as damages by the trial court. Further, E & E's charge of prejudice by the trial judge is unsupported by the record, which demonstrates the contrary, *i.e.,* a conscientious, even-handed approach to difficult evidentiary questions. The second assignment of error is overruled.

In its third assignment of error, E & E argues that no evidence supports the trial court's award of damages for certain items of work. Upon careful review of the transcript and record, we find this argument to be without merit.

Evidence exists in the record to support the judgment of the trial court on every item of damages awarded. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact, *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 10 OBR 408, 461 N.E. 2d 1273; *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, and a difference of opinion on weight and credibility is not a legitimate ground for reversal. *Seasons Coal Co., supra.* Finding neither error nor prejudice by the trial court in its award of damages as alleged, the third assignment of error is overruled.

The fourth assignment of error asserts that the judgment of the trial court is against the manifest weight of the evidence.

Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578; *Seasons Coal Co., supra.*

While E & E's evidence attempts to show that the Bartons received a

level of services consistent with what they paid, competent credible evidence supports the judgment of the trial court that E & E failed to discharge its legal duty to perform the remodeling in a workmanlike manner, in breach of their contract. We conclude, therefore, that the judgment is not against the manifest weight of the evidence, and the fourth assignment of error is overruled.

The Bartons assert in their cross-assignment of error that the trial court erred in awarding damages for the cost to repair a double-paned Pella window which was damaged prior to installation by E & E. The Bartons attack the estimate relied on by the trial court, and seek as damages the cost of a new replacement window.

The legal standard to be applied in determining damages is the cost to repair. *Platner, supra; Sadler, supra; Spraggins, supra.* The award of damages by the trial court for *repair* of the window was based upon the testimony of an expert witness. The Bartons' testimony on this item of damages provided little more than the cost to *replace* the entire window. Again, the weight accorded the evidence and the credibility of the witnesses are for the trier of fact. *Seasons Coal Co., supra.* We find no basis in the record for rejecting the testimony relied on by the trial court, or for modifying the award of damages, as a matter of law.

The propriety of the trial court's award of damages is further supported by evidence that the Bartons agreed to the installation of a demonstrator window, *i.e.,* a used window valued at $100, rather than a new window valued at $1,400.

We conclude that the trial court's award of damages in the amount of $110 for repair of the window is supported by competent, credible evidence in the record and, accordingly, the cross-assignment of error is overruled.

The duty to perform construction services in a workmanlike manner is imposed by law upon builders and contractors. Failure to so perform remodeling services renders the contractor liable for damages measured by the cost to repair deficient work.

Finding no error in the judgment of the trial court, all of defendants' assignments of error and plaintiffs' cross-assignment of error are overruled, and the judgment of the trial court awarding damages to the Bartons in the amount of $3,617.44 plus interest from the date of judgment, plus costs, is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, REILLY and CARNEY, JJ., concur.

CARNEY, J., retired, of the Cuyahoga County Court of Common Pleas, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.