[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
East Company is appealing from the judgment of the trial court, the Municipal Court of the City of Dayton, that dismissed its complaint against Eunice Trammell, but held in favor of Trammell on her counterclaim against East.
The pertinent facts of the case and the analysis of the trial court are set forth concisely in its decision, the portions of which relevant to this appeal are as follows:
 This matter came before the court for trial and at the conclusion of the trial the matter was taken under advisement.
 Plaintiff East Company brought suit against Defendant Eunice Trammell for breaching an agreement to pay $5,332 for roofing work. Trammell responded with a counterclaim for $7,800 because this is the amount she claims will be needed to hire another contractor to redo the work done by East Company and complete the job.
* * *
 East Company claims it performed roofing work for Trammell, but has not been allowed to repair the unsatisfactory work or complete the contract. Trammell asserts she will not pay East Company for work done in an incomplete, shoddy, and unworkmanlike manner. Further, she refused to allow East Company to complete the contract or repair unsatisfactory work because it previously offered to redo the work but failed to do so.
 The instant question is whether Trammell can counterclaim for more damages than the contracted amount after refusing East Company's offer to complete the contract and fix unsatisfactory work.
 Usually, the measure of damages in a home improvement contract case is the cost of repairs. Barton v. Ellis (1986), 34 Ohio App.3d 251, 253. However, if the total cost to remedy a defect is "grossly disproportionate to the good to be attained," a different measure of damages must be used. Tru-Built Garage Lumber Co., Inc. v. Mays (Jan. 27, 1993), Montgomery App. No. 13432, unreported, 1993 WL 15664, p. 4. Otherwise, this would result in a windfall to the homeowner. Id.
 This measure of damages is the difference in value of the improvement or structure contracted for and the improvement or structure received. Mays
citing Jacobs Young v. Kent (1921), 230 N.Y. 239.
 To determine whether the difference-in-value or cost-of-repairs measure of damages should be applied, the structure or improvement received must be examined. If the structure or improvement is in substantial compliance with the contract, then the difference-of-value measure should be applied. Mays at 4. If there is no substantial compliance, then the cost-of-repairs measure should be applied. Dooley v. Purdum (Feb. 14, 1997), Champaign App. No. 96 CA 07, unreported, 1997 WL 66718, p. 3.
 In Tru-Built v. Mays, the court determined that Mays had received a garage in substantial compliance with the contract, even though the garage roof had a rafter system, instead of the truss system he ordered. The court based this determination on the fact that Mays had acquiesced to the installation of the rafter system and that tearing down and rebuilding the garage roof would cost more than construction of the garage.
 In Dooley v. Purdum, the court determined that Dooley had not received a driveway in substantial compliance with the contract because its improper installation caused rainwater to run into the garage. The court determined that there was no way to substantially comply with the contract except to remove and redo the existing driveway. The court awarded damages that were $1,500 more than the original contract price, based on evidence that this was the amount needed to replace the driveway.
 In both Tru-Built v. Mays and Dooley v. Purdum, the court held that the homeowners did not have to mitigate damages by giving the contractors the opportunity to fix or repair unsatisfactory work or problems arising from that work. In Mays, the court found that Mays had no obligation to accept the offer of repair from Tru-Built because of the prior lack of cooperation of Tru-Built's manager. In Dooley v. Purdum, the court found that Dooley did not agree to the repairs made by Purdum and the repairs did not solve the water run-off problem.
 The Court finds that the roof is not in substantial compliance and further from the evidence finds that $7,800 is the amount needed to provide the defendant with the roof for which she contracted.
* * *
 Further, in the instant case, the court finds that because of all the attendant circumstances, the defendant was not obligated to give the contractor the opportunity to correct the unsatisfactory work or complete the contract.
On appeal, East sets forth the following sole assignment of error:
 THE TRIAL COURT HAVING ERRONEOUSLY APPLIED THE "ECONOMIC WASTE" MEASURE OF DAMAGES IN DISPOSING OF THIS MATTER, JUDGMENT HEREIN MUST BE VOIDED AND THE CAUSE RETURNED TO THE MUNICIPAL COURT FOR REDETERMINATION OF DAMAGES, IF ANY, MADE PURSUANT TO A PROPER METHOD OF CALCULATING APPELLEE'S DAMAGES.
As the trial court set forth in its decision, it chose the "cost of repairs" measure of damages instead of the "difference of value" measure, which it derived from the two cases of Tru-BuiltGarage Lumber Co., Inc. v. Mays and Dooley v. Purdum, decided by this court and cited in the trial court's decision. The choice of which of the two measures of damages should be applied depends upon a finding by the trial court as to whether the owner had or had not received work from the contractor that was in substantial compliance with the contract. The trial court here found as a matter of fact that the work by the East Company was not in substantial compliance with its contract with Trammell and, therefore, the "cost of repairs" measure of damages should be applied and, further, it found $7,800 to be the cost of repair.
The questions really raised by the appellant, the East Company, in this appeal is whether those two factual determinations by the trial court are against the manifest weight of the evidence. We find, after reviewing the record and the entire transcript of the bench trial of this matter, that the trial court's findings are not against the manifest weight of the evidence. There is substantial and credible testimony found in the transcript of the hearing that would, if believed, support the findings of the trial court.
As to the substantial compliance issue, a Dayton building inspector testified that the "work was done poorly" and "very poorly." Tr. 29. Further, the private roofer who Trammell contacted in order to solicit a proposal for repairs testified in detail the work that had to be done in order to replace the work that had been done by East. Tr. 39-43. Finally, Trammell himself testified, using notes she made daily and photographs she took almost daily of East Company's work showing what seemed to be a parade of horrors. Tr. 50-62.
The standard traditionally applied to manifest weight questions is that "judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence."Cent. Motorist Corp. v. Pepper Pike (1995), 73 Ohio St.3d 581,584. Weight of the evidence has been defined as "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, it depends on its effect in inducing belief." State v. Thompkins (1997), 78 Ohio St.3d 380,387. (Citation omitted.) The supreme court has emphasized that the ability to weigh the evidence is a limited one, since "the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis v.Flickinger (1997), 77 Ohio St.3d 415, 418.
We find that the trial court had before it substantial, credible evidence to support both its findings and, therefore, its choice of the proper measure of damages here will not be disturbed.
The assignment of error is overruled, and the judgment is affirmed.
GRADY, P.J. and BROGAN, J., concur.
Copies mailed to:
R. Daniel Sykes
E. James Wampler
Hon. James F. Cannon