OPINION
The estate of Dale R. Smith, deceased, appeals from a summary judgment dismissing its claims for relief against Woolpert Engineering, Inc. ("Woolpert").
Dale R. Smith was a building contractor. Between 1986 and 1989, Smith built and developed the Terrace Creek Subdivision in Washington Township. The topography of the land presented drainage problems. Smith contracted with Woolpert to design several retention ponds to deal with drainage. Smith installed the ponds based on Woolpert's designs.
The retention ponds subsequently filled with silt. In 1997, eleven homeowners in the Terrace Creek Subdivision and their homeowners association commenced this action against Smith and Woolpert. Their complaint alleged a number of flaws arising from faulty design and/or installation of the retention ponds.
Smith filed an answer denying the homeowners' claims for relief. He also filed a cross-claim against Woolpert, alleging that any damage the homeowners or their association may have suffered "are a direct and proximate result of the negligence and/or breach of contract of Defendant, Woolpert Engineering" in performing its contract with Smith.
The plaintiff homeowners' claims against Woolpert were dismissed upon Woolpert's motions. The claims alleging breach of contract were dismissed for lack of privity. Those alleging negligence were dismissed as time-barred. Smith's negligence claim against Woolpert was also dismissed as time-barred, leaving for determination only Smith's breach of contract claim against Woolpert and the claims against Smith by the plaintiffs homeowners and their association.
Dale R. Smith died during the litigation. He was succeeded by his estate or personal representative. Also during the litigation it was determined that neither the original nor any copy of the written contract between Smith and Woolpert was available. Without deciding what the terms of that contract were, the court found that because it was a writing any action brought upon it is subject to the fifteen year term for limitation of actions in R.C. 2305.06. This action was brought within that time.
Woolpert moved for summary judgment on Smith's cross-claim against Woolpert alleging a breach of contract. Woolpert relied on Dale R. Smith's own deposition testimony, in which Smith asserted that the retention ponds had silted up naturally and not due to any defect in their design or installation. Woolpert also argued that, absent the written contract, neither the terms of their contract nor a breach by Woolpert of any promise it made therein could be proved.
Smith's estate opposed Woolpert's summary judgment motion. Smith's estate offered no additional evidence contradicting Smith's own deposition testimony, though it did point to Smith's further assertions in his deposition that if he was liable to the homeowners it could only be because Woolpert was negligent.
The plaintiff homeowners also opposed Woolpert's summary judgment motion, and presented the affidavit of an engineer contradicting what Smith had said. On Woolpert's motion, the trial court struck the plaintiff's motion contra and affidavit, holding that the plaintiffs were not "adverse parties" who could offer evidence to oppose Woolpert's motion for summary judgment on Smith's cross-claim per Civ.R. 56(C).
The trial court granted summary judgment for Woolpert on Smith's cross-claim, stating:
 "In the case sub judice, Defendant Woolpert argues that Defendant Smith fails to allege what terms of the alleged contract have been breached. The parties have failed to unearth the alleged contract between the two parties, and therefore Defendant Smith has failed to point to the terms of the contract that have been breached by Defendant Woolpert. The court finds that without the existence of the contract, Defendant Smith has failed to establish a genuine issue of material fact as to any breach of a contract between the two parties. Additionally, Defendant Smith fails to allege that any terms of an implied contract were breached by Defendant Woolpert. Instead, Defendant Smith has asserted that due to the fact that problems allegedly arose from the work completed by Woolpert, Defendant Woolpert breached the contract that existed between the two parties. The Court finds that these allegations fail to meet Defendant Smith's burden to set forth specific facts showing that there is a genuine issue for trial.
The trial court subsequently certified its summary judgment for review pursuant to Civ.R. 54(B). Smith's estate filed a timely notice of appeal. It presents a single assignment of error for review, which states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR APPELLEE, WOOLPERT, ON SMITH'S CROSS-CLAIM IN THAT A GENUINE ISSUE OF MATERIAL FACT REMAINS TO BE DECIDED BETWEEN THESE PARTIES.
Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First National Bank Trust Co. (1970), 21 Ohio St.2d 25. The trial court abuses its discretion if it fails to consider all the evidence before it. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356 . In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992), 63 Ohio St.3d 326.
The trial court's ruling on Woolpert's motion for summary judgment rests on two findings. One is that, absent the written contract between Smith and Woolpert or a copy thereof, Smith's breach of contract claim can't be proved. The other finding is that because Smith's estate failed to offer or point to evidence contradicting evidence Woolpert had offered, which was Smith's deposition testimony, the court was required to grant summary judgment for Woolpert per Dresher v. Burt (1996),75 Ohio St.3d 280.
When an original writing is lost or destroyed and the writing is not closely related to a controlling issue, its contents may be proved by secondary evidence. Evid.R. 1004. Secondary evidence includes the testimony of a witness who recalls the content of the writing. "The court has discretion in determining whether proof of the contents is collateral to the matter at issue, and it can require production of the original if a genuine question arises as to the original's contents." Weissenberger's Ohio Evidence, Treatise, Section 1004.11.
In its motion for summary judgment, Woolpert conceded that Smith had engaged Woolpert to prepare construction plans for the Terrace Creek Subdivision, and stated that it performed its promises and was paid in full. Smith's breach of contract claim does not allege that Woolpert breached any of the promises it expressly made in their contract. Rather, Smith alleged a breach by Woolpert of its duty to exercise reasonable care to perform its promises in a workmanlike manner. That is an implied duty imposed by law.
Barton v. Ellis (1986), 34 Ohio App.3d 251. Proof of the specific contents of the contract between Smith and Woolpert is collateral to that issue. The trial court abused its discretion when it found that Smith's estate could not prove its claim of breach absent the original writing expressing the terms of the contract between Smith and Woolpert.
The trial court's other finding was that summary judgment was mandated by the rule of Dresher v. Burt, supra. There, the court held that Civ.R. 56(C) imposes a burden to identify those parts of the record that demonstrate the absence of a genuine issue of material fact on the non-movant's claims. The court further stated:
 "However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."
Id., at p. 293.
Woolpert's motion for summary judgment argued that Smith could not prove his breach of contract claim because there was no genuine issue of material fact with respect to whether Woolpert had breached its duty to perform its promises in a workmanlike manner. Woolpert relied on statements that Dale R. Smith made in deposition testimony.
Smith stated that he knew that debris would flow into the ponds (T. 48), that the silt would have to be removed (T. 128), and that he had advised each of his purchasers that the obligation to remove the silt would be on the homeowners. (T. 131). Smith emphasized that he knew the ponds would silt-up stating:
 "Well, anybody with a half a brain knows that if you have a pond anywhere between here and Timbuktu that it's going to get some siltation in it. That's just common sense. I mean, everybody that no matter what they do, you don't think you're going to — if you build this nice pristine pond on your farm and put ninety foot high fences around it, do you expect nothing to get in that? If you do, you should be in some other kind of business or not built (sic) the pond because they silt up just from God."
(T. 136). Smith's estate responded to Woolpert's motion by pointing to other statements that Smith made in his deposition. Smith testified that Woolpert had "sold out to (Montgomery) county and delivered to me a product that didn't work in all good engineeringwise." (T. 146). Smith explained that too much water flowed into the ponds (T. 150) because Woolpert had accepted the county engineer's proposal to drain water from a large, neighboring tract onto the Terrace Creek Subdivision, without telling him, and that he'd constructed the ponds to serve only the Terrace Creek Subdivision. (T. 148). Smith added that it's the fault of Woolpert if the water retention system doesn't work properly because he followed the plans Woolpert provided him. (T. 149).
In relying in Dresher v. Burt, supra, to grant Woolpert's motion for summary judgment, the trial court necessarily found that Smith's estate had failed to satisfy the reciprocal burden imposed on it by Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. We do not agree. Construing Smith's testimony as Civ.R. 56(C) requires, a genuine issue of material fact is presented whether Woolpert breached the duty it owed Smith for construction of the subdivision. The retention ponds were a feature of that plan. Smith's testimony opines that the design for the plans were poorly drawn, at least in relation to the needs to manage drainage. On this record, reasonable minds could find Woolpert liable to Smith for breach of an implied warranty that its plans would be prepared in a workmanlike manner. The trial court erred when it failed to consider the evidence that Smith's estate offered. Murphy v. Reynoldsburg, supra.
When Smith alleged a breach of contract by Woolpert, Smith assumed a duty to affirmatively prove a breach. That put him at odds with his own defense, which denied the existence of a defect that might constitute a breach. Smith states that it was his intention to plead an alternative claim for indemnification. Civ.R. 13(G) permits such a claim, absent any need to also allege a particular act or omission on the part of the indemnitor which constitutes fault. On remand, Smith's estate may wish to amend his cross-claim to allege a right of indemnification or contribution per Civ.R. 13(G).
The assignment of error is sustained. The judgment from which this appeal was taken will be reversed and the matter remanded to the trial court for further proceedings.
FAIN, J., and YOUNG, J., concur