DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants challenge the judgment of the Circleville Municipal Court awarding Joe Angles $11,110.00 on his breach of contract claim.[1] Appellants contend that the trial court's award of the full contract price is against the manifest weight of the evidence because the concrete they poured has value. Because there is no competent, credible evidence to support the court's finding that the concrete has no value, we conclude that the trial court's award is against the manifest weight of the evidence.
 {¶ 2} Joe Angles hired Virgil and Wendell West of V W, Inc. to lay the concrete for two driveways, a porch, and steps at Angles' newly built home. The parties entered into an oral agreement in which appellants agreed to do the work for $11,110.00. Four months after appellants completed the work, Angles noticed that cracks had developed in the concrete. Specifically, the concrete pours done by the appellants had developed severe midline cracking. Angles filed suit against appellants alleging that they breached the contract by failing to perform in a workmanlike manner.
 {¶ 3} At trial, Angles presented the deposition of Donald Pierce, a construction consultant for Columbus Testing Laboratory Engineers. Mr. Pierce testified that the cracking occurred because the concrete slabs had an insufficient number of saw joints and because the saw joints that were present were not deep enough. According to Mr. Pierce, saw joints control where the cracking occurs. With saw joints, the cracking will be minimized and occur in the joint rather than randomly. Relying on standards published by the American Concrete Institute, Mr. Pierce testified that the largest section of concrete poured should be no more than 10 feet, and that any area larger than that needs a saw joint. Many of appellants' concrete sections were 15 to 20 feet wide. Mr. Pierce testified that the unsightly cracks could have been avoided if appellants had used "proper joint methods".
 {¶ 4} After a one-day bench trial, the court found that appellants had not performed in a workmanlike manner and, thus, had breached the contract. The court recognized that the general measure of damages for defects in construction contracts is the "cost to repair," i.e., the cost of curing the defects. However, the court felt that the possibility of repair had not been adequately addressed, so it set the matter for a further hearing.
 {¶ 5} At the second hearing, the court heard testimony from Joe DeFelice of A.L.D. Concrete and Grading. Mr. DeFelice testified that repairing the concrete so that it didn't look like a patch job would cost almost as much as replacing it. At the first hearing, the court heard testimony that replacing the concrete work would cost approximately $16,000 to $18,000. That price included the cost of removing the old concrete, which alone cost $3,000 to $3,500.
 {¶ 6} Subsequently, the court determined that there was no possibility for successful repair. The court found that the defects in workmanship were substantial and that appellants' work had "no extrinsic (sic) value." The trial court then awarded Angles $11,110, the original contract price. Appellants raise the following assignments of error:ASSIGNMENT OR ERROR NO. 1 — The trial court erred in returning the entire purchase price to the Plaintiff as such judgment is against the manifest weight of the evidence, because there is no evidence that the concrete has no value. ASSIGNMENT OF ERROR NO. 2 — The trial court erred in returning the entire purchase price to the Plaintiff because such action is violative of the doctrine of substantial performance.ASSIGNMENT OF ERROR NO. 3 — The trial court erred in returning the entire purchase price to the Plaintiff because it creates an unjust enrichment situation, instead of correcting one.
 {¶ 7} In their first assignment of error, appellants argue that the trial court's award of the full contract price is against the manifest weight of the evidence. They contend that the record does not support the court's finding that there is no value in the work done by appellants. Appellants contend that the concrete has value because it is capable of being used.
 {¶ 8} A trial court's decision will not be found to be against the manifest weight of the evidence as long as there is some competent, credible evidence to support it. Security Pacific Natl. Bank v. Roulette(1986), 24 Ohio St.3d 17, 20, 492 N.E.2d 438. This standard of review is necessarily highly deferential because the trial court is in the best position to analyze the witnesses and determine their credibility. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. We are reminded that it is not the province of this court to reweigh the evidence. C.E. Morris v. Foley Construction Co. (1978), 54 Ohio St.2d 279,280, 376 N.E.2d 578. However, if there is no competent, credible evidence to support the trial court's judgment, we are required to reverse it.
 {¶ 9} Generally, the proper measure of damages for breach of a construction contract is the cost of repair. Ohio Valley Bank v. Copley
(1997), 121 Ohio App.3d 197, 210, 699 N.E.2d 540, citing 5 Corbin on Contracts (1964), Section 1089. See, also, Barton v. Ellis (1986),34 Ohio App.3d 251, 253, 518 N.E.2d 18. However, if repair would lead to unreasonable economic waste, damages are measured by the difference in market value between the structure as contracted for and the structure as received. Ohio Valley Bank, supra.
 {¶ 10} In its entry, the trial court did not expressly indicate what measure of damages it used. However, it appears that the court applied the diminution or difference in value measure. In its judgment entry of May 8, 2002, the trial court found that there was "no extrinsic (sic) value in the work" done by appellants. Moreover, the court filed a separate entry containing its findings of fact and conclusions of law. In that entry, the court found that Angles "received no benefit or value from the initial contract." Thus, it appears the court determined that Angles contracted for concrete work (the driveway, porch, and steps) worth $11,110 but that the completed project had no value to him. Based on that, the court awarded Angles $11,110, the full contract price.
 {¶ 11} We find that there is no evidence in the record to support the court's finding that the concrete has no value. In fact, in its original entry from May 15, 2001, the court found that "the concrete itself is not inherently defective." Later in that entry the court stated: "In this case, clearly, the concrete remains usable although may be subject to additional cracking as a result of the manner in which it was installed. The experts seem to agree that the cracking that exists impairs the esthetic value of the concrete driveways as opposed to the functional value of the concrete." As the court noted, the experts agree that the cracking does not make the driveway unusable. Mr. Pierce testified that the cracking does not prevent an individual from parking a car on the driveway. However, he testified that there are other uses for a driveway besides parking a car on it. According to Mr. Pierce, if a child wanted to use the driveway for roller-skating, eventually it would become difficult to do so because the cracks will start to "ravel."[2]
The defense's witness, Keith Bost of Basic Construction Materials, testified that the structural integrity of the concrete is not compromised by the cracks.
 {¶ 12} Moreover, Angles has continued to use the concrete driveway while he awaits the outcome of his lawsuit.[3] When asked at trial if he could live with the concrete the way it was, Angles responded: "If it was do or die I guess I could yes but you know it's a new house and it just ruins the look of the whole place as you come in the driveway and the first thing you see is this driveway all cracking up so it you know it's not very satisfactory at all."
 {¶ 13} The evidence in the record establishes that the concrete is capable of being used. If the concrete is capable of being used, then it must have some value, even if that value is minimal. Therefore, we find that the trial court's judgment is against the manifest weight of the evidence because there is no competent, credible evidence to support the trial court's finding that the concrete work has no value. Accordingly, appellants' first assignment of error is upheld and the court's judgment is reversed.
 {¶ 14} Because our disposition of appellants' first assignment of error requires reversal of the trial court's judgment, it is unnecessary for us to reach the merits of appellants' remaining assignments or error.
 {¶ 15} We remand this case to the trial court for a determination of the proper damages award.[4] On remand, the trial court may wish to refer to Annotation, Modern Status Of Rule As To Whether Cost Of Correction or Difference In Value Of Structures Is Proper Measure of Damages For Breach Of Construction Contract (1985), 41 A.L.R.4th 131, 142 and our decisions in Ohio Valley Bank, supra and Kerr v. Dailey (March 17, 1994), Athens App. No. 1583. We noted in Kerr, that it often costs more to repair a mistake than to do the job right in the first place.Id. But, a plaintiff ought to get the benefit of the bargain if possible. Thus, if a trial court determines that the cost of repair is the proper measure of damages, it is entitled to award the full cost of repair, even if that amount is somewhat greater than the contract price, unless to do so would be unreasonable by virtue of economic waste. In other words, the cost of repair need not be equal or less than the contract, but it should not be grossly disproportionate either.
 {¶ 16} In summary, there is no competent, credible evidence to support the court's finding that there is no value in the concrete work done by appellants. The testimony establishes that the concrete driveways are usable; therefore, they must have some value. Thus, we reverse the trial court's judgment as being against the manifest weight of the evidence. On remand, the trial court should determine an appropriate measure of damages and make an award accordingly.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellants recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Circleville Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] The named defendants in the complaint are Virgil West, Wendell West, and VW, Inc. The complaint seeks judgment "against DEFENDANTS" without specifying why the individual defendants are liable in light of the corporate structure of VW, Inc. The defendants' answer does not raise the corporate structure as a defense. Moreover, the trial court granted judgment against the "defendants" without a reference to the individual defendants or the corporate defendant. Thus, we assume without deciding that the court entered judgment against both the corporation and the individual defendants.
[2] Mr. Pierce testified that eventually, tiny chips will break off the top of the cracks and create a small rut.
[3] We recognize that Angles had no obligation to repair or replace the driveway prior to bringing suit and merely point to his continued use as evidence that the concrete is capable of being used.
[4] In its judgment entry and findings of fact and conclusions of law, the trial court indicated that it did not have the authority to award damages in excess of the original contract price. This statement is incorrect as a matter of law. Even where the cost of repair exceeds the contract price, the trial court may be authorized to award the amount necessary to repair the defect.