[Cite as *Bryant v. Solis*, 2020-Ohio-1249.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Soraya Bryant, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-380 |
| v. | : | (M.C. No. 2018 CVI 031235) |
| Josue Solis, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 31, 2020

**On brief**: *Soraya Bryant,* pro se. **Argued**: *Soraya Bryant.*

APPEAL from the Franklin County Municipal Court

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Soraya Bryant, appeals from a judgment of the Franklin County Municipal Court, Small Claims Division, entered on May 15, 2019, in favor of defendant-appellee, Josue Solis. The trial court adopted the magistrate's decision that Bryant had failed to satisfy her burden of proof to establish that she was entitled to relief on her breach of contract claim against Solis. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The underlying matter arose in connection with a residential roof repair contract dispute. On or about July 21, 2017, Bryant and Solis entered into a verbal agreement for Solis to repair the roofs of two houses Bryant owned, one located at 4146 Cleveland Avenue, Columbus, Ohio, and the other located at 2753 Westerville Road, Columbus, Ohio. Solis was to "re-roof" the Cleveland Avenue house and replace chimney flashing at the Westerville Road property. (Aug. 24, 2018 Compl. at 1.) The parties initially agreed to a contract price of $4,000 for the work on the Cleveland Avenue property, with $2,000 to be paid before work commenced and the remaining $2,000 to be paid on

completion. Solis advised Bryant he could not estimate the price of repairing the underlying plywood on the flat portion of the roof until the existing rubber was removed and the condition of the plywood was assessed. After Bryant had paid the initial $2,000 installment and work on the roof had commenced, Solis advised her it would cost an additional $1,500 to replace all the plywood that had rotted or was beginning to degrade on the flat roof surface. Bryant and Solis discussed replacing all the plywood for $1,500 versus patching the most damaged areas of the existing plywood for an additional $250. Bryant agreed to pay Solis an additional $250 to patch the worst areas. After the work was completed, Bryant paid Solis the $2,250 balance owed.

{¶ 3} The record indicates that Bryant subsequently made Solis aware of problems with some of the work that had been done on the slanted, or pitched, portions of the roof. Solis re-did that work at no additional cost to Bryant. Solis also removed some of the overhang of the porch roof to remove plywood that had been compromised. Solis did not replace the section of porch roof he had cut off.

{¶ 4} Bryant later told Solis she was not satisfied with the work performed on the flat portion of the roof and wanted that redone as well. Solis replied that there was nothing wrong with the rubber covering the flat portion and that the plywood under the rubber did not need to be replaced because he had patched it in accordance with Bryant's decision to patch, rather than replace all the plywood.

{¶ 5} The record further indicates that the relationship between Bryant and Solis deteriorated to the point that Solis ceased communicating with Bryant, claiming that he had made the repairs to the Cleveland Avenue house to which the parties had agreed.

{¶ 6} On August 18, 2018, Bryant filed a complaint against Solis in the Small Claims Division of the Franklin County Municipal Court, alleging that Solis had not performed the work the parties had agreed to, which Bryant stated "involved replacement of roofing materials, including, but not limited to, rotten plywood, asphalt shingles on pitched surfaces, EDPM rubber and ISO board protection/insulation on flat surfaces, and boards under eaves." (Compl. at 1.) Bryant also alleged Solis had damaged the Cleveland Avenue house by cutting off a length of the roof over the porch without permission. Additionally, she alleged Solis had failed to remove old roofing materials from the Cleveland Avenue premises. Bryant subsequently hired Able Roof LLC to remove Solis's

installation of EDPM rubber on flat roof surfaces and to re-roof the flat surfaces. Bryant sought judgment against Solis in the amount of $4,250, the sum she had paid him under their verbal contract.

{¶ 7} The matter proceeded to trial before a magistrate of the Small Claims Court. Bryant appeared pro se and, as part of her case, questioned as a witness her fiancé, Scott Rhodes. Solis appeared represented by counsel. Both parties presented documentary and testimonial evidence. The magistrate subsequently issued a decision, including findings of fact and conclusions of law, that Bryant had failed to prove by a preponderance of the evidence that she was entitled to the relief she sought with respect to the work Solis performed under their contract. The magistrate also found that Bryant had not presented any evidence at trial regarding her allegations with respect to the Westerville Road property and, therefore, had failed to establish by a preponderance of the evidence that she was entitled to any monetary recovery with respect to work done at that property.

{¶ 8} Bryant timely objected to the magistrate's decision, filing a four-page narrative of her breach of contract claim against Solis and the testimonial and documentary evidence admitted at trial. Bryant attached to her objection copies of the exhibits the magistrate had admitted into evidence.[1]

{¶ 9} Solis timely filed a response to Bryant's objection, arguing that the objection set forth the same evidence the magistrate had rejected at the trial. Solis argued further that Bryant had failed to present a legally sufficient reason to set aside the magistrate's decision.

{¶ 10} On May 15, 2019, the trial court issued a judgment entry denying Bryant's objection, adopting the magistrate's decision, and entering judgment in favor of Solis. The trial court states in part in its entry as follows:

> The court read the 82-page transcript of the Small Claims trial, the Magistrate's Decision and the pleadings of the parties. Based on that independent review, the court finds no error of law in the decision the magistrate made.

---

[1] That evidence consisted of 11 pages of text message between Solis and herself for the period commencing July 22, 2017 and ending March 19, 2018 concerning the roof repairs; a report prepared by Able Roof LLC's Michael O'Neal on August 19, 2017, based on his inspection of the roof of the Cleveland Avenue property; photographs of the roof, windows, gutters, and yard of the Cleveland Avenue property; and an Able Roof LLC invoice dated August 14, 2018 and a supply price list for work done with respect to the roof of the Cleveland Avenue property.

> The Magistrate as the trier of fact is in the best position to weigh the evidence presented, and the Magistrate's Decision clearly showed that the trier of fact in this instance weighed the evidence and found that [Bryant] failed to carry her burden of proof.

(May 15, 2019 Jgmt. Entry at 1.)

{¶ 11} Bryant timely appeals from the Franklin County Municipal Court's judgment.

## II. ASSIGNMENT OF ERROR

{¶ 12} Bryant presents a sole assignment of error for our review.

> The Trial court erred in granting judgment in favor of the defendant. Judgment was granted against the weight of the evidence, [sic] and was based on the credibility of the speech of the defendant.

## III.  LAW AND DISCUSSION

### A.  Standard of Review

{¶ 13} Bryant argues that the judgment entered by the trial court is against the manifest weight of the evidence.  In *Cooke v. Strader's Garden Ctrs.*, 10th Dist. No. 95APG08-961, 1996 WL 145496, 1996 Ohio App. LEXIS 1317, this Court adopted the following standard of review for manifest weight in a civil action:

> The standard for determining whether a judgment in a civil case is against the manifest weight of the evidence was set forth in *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279, 376 N.E.2d 578, as follows:

> "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *Id.* at syllabus.

> Furthermore, a reviewing court must be guided by the presumption that the findings of a trial court are correct, as the trial judge " * * * is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. * * * " *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St. 3d 77, 80, 461 N.E.2d 1273.

*Cooke* at *9-10.

### B. Assignment of Error

{¶ 14} Bryant's appeal centers on the magistrate's determination that Bryant had failed to meet her burden of proof that Solis had breached the parties' verbal agreement.[2] To establish a claim for breach of contract, a plaintiff must prove: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach. *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, ¶ 41; *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, ¶ 18 (10th Dist.). To prevail in this matter, Bryant had to prove by a preponderance of the evidence one or more breaches of the contract by Solis that proximately caused the damage or loss Bryant claims she incurred. *See, e.g., Cooke*.

{¶ 15} The magistrate states in his decision his conclusions of law as follows:

> In this case [Solis] provided credible testimony that he performed the work to which the parties orally agreed on the roof of the home located at 4146 Cleveland Avenue. In Ohio, there is a duty to perform in a workmanlike manner that is imposed by common law upon contractors like [Solis]. *Jarupan v. Hanna*, 173 Ohio App.3d 284, 294, 2007-Ohio-5081, 878 N.E.2d 66, at ¶19 (*citing Barton v. Ellis*, 34 Ohio App.3d 251, 252, 518 N.E.2d 18 (1986)) (additional citations omitted). This duty requires contractors " 'to act reasonably and to exercise the degree of care which a member of the . . . trade in good standing in that community would exercise under the same or similar circumstances.' " *Id.* (additional citations omitted); *Seff v. Davis*, 10th Dist. No. 03AP-159, 2003-Ohio-7029, at ¶19. This standard is measured by " 'what those having knowledge, training, experience necessary for the successful practice of a trade or occupation would consider to be generally sufficient.' " *Mathis v. Allied Plumbing & Sewer Services, Inc.*, 1st Dist. No. C-061005, 2007-Ohio-6661, at ¶14 (*quoting Day-Glo Color Corp. v. Brewer-Garrett Co.*, 8th Dist. No. 87838, 2007-Ohio-159, at ¶7).
>
> [Solis] testified credibly that he performed the work necessary on the re-roofing project in a workman-like and reasonable fashion. [Solis] also performed additional work at the request of [Bryant] at no additional cost to [Bryant] to enhance the quality of all of the new roofing installation on the slanted surfaces of the roof. [Solis] further testified credibly however

---

[2] Bryant, in her brief, goes further, implying that the magistrate was influenced in favor of Solis by Solis's fluency with the English language. Bryant acknowledges that she is less fluent herself in English, which she characterizes as her third language.

[sic] that the work performed on the flat portion of the roof was done in a workman-like fashion and required no additional re-work in order to comport with the perimeters of the agreement of the parties, and that the EPDM Rubber was installed properly on that portion.

On the record in this case, and in light of the competent and credible evidence supplied by [Solis], [Bryant] has failed to prove by a preponderance of the evidence the entitlement to the relief she seeks in this case with respect to that work.

(Mar. 29, 2019 Mag.'s Decision at 3-4.)

{¶ 16} Based on our independent examination of the record, including the pleadings, the transcript of the February 14, 2019 trial, the exhibits admitted into evidence at trial, and the magistrate's decision, we find that the trial court did not err in denying Bryant's objection and in adopting the magistrate's decision. Bryant's brief is inconsistent with the trial transcript in that it does not address facts that assist in clear comprehension of the timing of certain relevant events in the underlying matter. We note specifically that the evidence adduced at trial established the following facts:

1. The parties entered into a verbal contract on or about July 21, 2017. (Tr. at 19.)

2. On three separate occasions immediately after Solis's crews began work at the Cleveland Avenue property, they were chased off the property by, or had physical confrontations with, Bryant's brother, who was living at the Cleveland Avenue property in the summer 2017. (Tr. at 40-43.)

3. Solis testified that the photographs of trash at the work site were taken before Solis and his crews had finished working at the site. (Tr. at 45.)

4. The inspection report of Able Roof LLC's Michael O'Neal was prepared on August 19, 2017, less than one month after Bryant and Solis had entered into their contract. (Tr. at 19-20.)

5. Solis returned to the Cleveland Avenue property on or about August 23, 2017 to fix issues with the pitched portion of the roof. Solis did not perform more work on the flat portion of the roof, which he testified was solid. (Tr. at 45.)

6. Able Roof LLC's invoice was dated one year later, August 14, 2018, and did not indicate what work was performed on the Cleveland Avenue property at that time. (Tr. at 22.)

7. Solis testified that the photographs taken after Able Roof LLC had worked on the roof in 2018 showed that Able Roof LLC did not change the plywood but was the same plywood Solis changed and left unchanged. (Tr. at 49.)

8. Bryant did not present testimony from anyone from Able Roof LLC regarding either the August 2017 roof inspection or the August 2018 roof repair at the Cleveland Avenue property. Nor did Bryant present testimony from anyone in the roofing trade to rebut Solis's testimony.

{¶ 17} "It is axiomatic that considerations of credibility and questions of weight are primarily for the trier of fact, not the reviewing court." *Cooke* at *14-15, citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. The magistrate who conducted the trial in the underlying matter found that Solis's testimony was credible and that Bryant had failed to present evidence overcoming that finding. Consequently, Bryant failed to satisfy the burden of proof imposed upon her in the underlying matter.

{¶ 18} Consistent with our holding in *Cooke*, we are guided by the presumption that the findings of the magistrate who conducted the trial in the underlying matter are correct, given that this magistrate was " 'best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Cooke* at * 10, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). We find that Solis's testimony provided competent, credible evidence to support the magistrate's finding that Bryant failed to prove that Solis breached their contract. Therefore, we find no reason to disturb the trial court's decision denying Bryant's objection to the magistrate's decision and adopting the magistrate's decision.

{¶ 19} Bryant's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 20} We find no error in the trial court's decision denying Bryant's objection to the magistrate's decision, adopting the magistrate's decision, and entering judgment in favor of Solis. Bryant's sole assignment of error is overruled. The judgment of the Franklin County Municipal Court, Small Claims Division, is affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.