DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Toledo Municipal Court in a dispute involving the installation of building materials. Because we conclude that the trial court properly awarded damages in the amount of $5,000, we affirm.
Appellant, William Houttekier, contracted with appellee, James Valerius, to install insulation in a metal building for a price of $6,223. Appellee made a $5,000 payment to commence the work. After appellant applied the initial layer of insulation, problems soon developed. Appellee refused appellant further access to the building; ultimately, appellant sued for damages.
At trial, the only witnesses were the two parties. Each gave conflicting versions of the events concerning application of the insulation. After hearing the evidence presented, the trial court found that appellee purchased and reconstructed a metal building which had been involved in a fire. Due to the fire, the inside walls and roof area of the building showed obvious signs of discoloration and soot. The court found, however, that despite the soot damage to the building, no provisions were made for cleaning these surface areas. The court noted that appellant saw appellee using fuel oil type space heaters in the building and discussed the importance of heating and ventilating the building with him. Appellee indicated his intention to install a different type of furnace at some later date. Nevertheless, the court found that there was no agreement that a different heating or ventilation system would be required prior to appellant's applying the insulation.
Despite the soot damage and appellee's continued use of the space heaters, appellant applied the first coat of insulation on December 3, 1999. According to appellant, additional adhesives were included to compensate for moisture in the building. The court found that although appellee provided adequate heat and ventilation, the insulation began to "drip" from the ceiling. At appellant's instruction, appellee opened the doors for additional ventilation and also installed additional ceiling fans to assist in the curing and drying of the insulation. Eventually, appellant returned to appellee's property, but the problem was not remedied. The insulation continued to fall from the walls and ceiling.
The court concluded that appellant performed the contract in an "unworkmanlike manner" due to installation over sooted surfaces in a building which would not permit the insulation to cure properly. The court then awarded appellee $5,000, the amount paid on the contract, for failure "to complete the contract for insulation" and "to complete the work that was undertaken in a workmanlike manner."
Appellant now appeals that judgment, setting forth the following sole assignment of error:
 "The Lower Court Erroneously Applied An Improper Measure of Damage And Erred In Awarding Valerius a Return of Monies Paid on the Contract in the Amount of $5,000.00 Instead of the Cost of Repair, of Which There Was No Evidence Offered."
 A reviewing court "will not disturb a decision of the trial court as to a determination of damages absent an abuse of discretion." Roberts v. U.S. Fid. Guar. Co. (1996), 75 Ohio St.3d 630, 634, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Generally, Ohio courts have found the measure of damages in construction cases to be the cost of repair.
Tru-Built Garage Lumber Co. v. Mays (Jan. 27, 1993), Montgomery App. No. 13432, unreported. See, also, Platner v. Herwald (1984),20 Ohio App.3d 341. In addition, on review, an appellate court will presume that the factual findings of the trier-of-fact were correct.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80.
In this case, appellee initially prayed for damages in the amount of $15,000. Appellee also testified that he had obtained another estimate to redo the insulation at a cost of at least $6,000. While no written estimate was provided, appellant did not rebut this testimony with any evidence regarding the cost of repair. The trial court apparently rejected appellant's suggestion for repair which was to "brush off" the bare spots and simply add another layer of insulation over the layer which was still falling off. The trial court then awarded, as damages for the contractual breach, the amount initially paid by appellee. In our view, the removal of the defective layer and redoing the insulation may, in fact, cost even more than the return of initial contract payment. Therefore, we cannot say that the trial court abused its discretion in determining the amount of damages.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Toledo Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J. concur.