McCRAY et al., Appellees,

v.

CLINTON COUNTY HOME IMPROVEMENT, Appellant, et al.

[Cite as *McCray v. Clinton Cty. Home Improvement* (1998), 125 Ohio App.3d 521.]

Court of Appeals of Ohio,
Twelfth District, Clinton County.

No. CA97–01–001.

Decided Feb. 2, 1998.

*Inza E. Johnson,* for appellees.

*Dennis & Williams Co., L.P.A.,* and *James Williams,* for appellant.

Powell, Judge.

Defendant-appellant, Clinton County Home Improvement, appeals from a judgment finding that appellant performed home repairs in an unworkmanlike manner and awarding plaintiffs-appellees, Paul and Barbara McCray, damages in the amount of $6,870.

On September 29, 1990, appellant and appellees entered into a contract for repairs to appellees' house. The contract provided that appellant would "remove all shingles down to the wood" and "repair all bad wood on roof and around chimney." The contract also provided that appellant would remove an antenna, install porch steps that were six feet wide, and "jack up corner of foundation and do necessary repairs to level." The total cost of the work was $7,080.

Appellant completed the repairs on October 28, 1990. Approximately one month later, appellees' roof began to leak. In addition, appellant failed to remove the antenna and appellant installed porch steps that were unstable and only three feet wide. Finally, after appellant had completed repairs to the foundation, appellees began to experience other problems in their house including buckled floors, cracked walls, and plaster that fell from the walls. Appellant returned to make additional repairs on two occasions but the problems were not fixed.

On February 4, 1992, appellees filed a complaint alleging that appellant failed to make repairs in a workmanlike manner. After a bench trial, the trial court issued a judgment entry in appellees' favor, awarding damages of $6,870. Appellant timely appealed and assigns two assignments of error:

Assignment of Error No. 1:

"The trial court erred in applying the measure of damages for construction contracts."

Assignment of Error No. 2:

"The trial court erred as a matter of law and fact in its holding and failure to grant defendant's motion to dismiss, that defendant breached the construction contract by failing to make repairs to the house in a workmanlike manner, and such holding by the court is against the manifest weight of the evidence."

In appellant's first assignment of error, appellant asserts that the trial court erred by awarding excessive damages. Where a contractor fails to perform in a workmanlike manner, the cost of repairing the deficient work is the proper measure of damages since the owner of the building is entitled to proper performance of the contract. *Barton v. Ellis* (1986), 34 Ohio App.3d 251, 253, 518 N.E.2d 18, 20–21; *Leppert v. Combs* (May 5, 1997), Clermont App. No. CA96–10–094, unreported, 1997 WL 226208. In order to place a building in the condition

contemplated by the parties at the time of the contract, " 'repair of deficient work may involve both additional activities necessitated by the deficient work, and activities previously omitted, but necessary, to proper performance in a workman-like manner.' " *Craft Builders v. McCloud* (Jan. 14, 1997), Franklin App. No. 96APE05–716, unreported, 1997 WL 15133, quoting *Barton* at 254, 518 N.E.2d at 21–22.

■ In the present case, George Clouser testified as an expert for appellees, and estimated that the cost of repairing the problems with appellees' house was $6,870. Appellant argues that the trial court erred by relying upon Clouser's estimate because it included repairs that were not contained in the parties' contract. However, Clouser's testimony reveals that additional repairs were necessary, due to appellant's deficient work, in order to place appellees' house in the condition contemplated by the parties at the time of their contract.

Appellant and appellees entered into a contract that provided for repairs to appellees' roof to prevent leaking. Clouser testified that due to appellant's deficient work, additional leaks had caused extensive damage to the roof. Clouser further testified that in order to prevent the leaks and correct appellant's deficient work, the entire roof needed to be removed and replaced.

The contract between appellant and appellees also provided for repairs to the foundation of appellees' house. Clouser testified that appellant's attempt to repair the foundation had caused damage to other parts of appellees' house. Specifically, Clouser testified that appellant had jacked the foundation too high, and this overjacking had caused the walls and plaster to crack, the floors to buckle, and other damage to the foundation. Thus, Clouser testified that besides leveling the foundation, additional repairs were also necessary due to appellant's deficient work on the foundation.

Based upon the foregoing testimony, we conclude that although Clouser's estimate included some repairs that were not contained in the parties' contract, these additional repairs were necessitated by appellant's deficient work in order to place appellees' house in the condition contemplated by the parties at the time of the contract. Accordingly, we conclude that evidence in the record supports the damages awarded by the trial court and appellant's first assignment of error is overruled.

■ In appellant's second assignment of error, appellant asserts that the trial court's finding that repairs were made in an unworkmanlike manner was against the manifest weight of the evidence. If a judgment is supported by some competent, credible evidence going to all the essential elements of the case, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8

O.O.3d 261, 376 N.E.2d 578.  It is well established that weighing conflicting evidence and making credibility determinations are matters solely within the province of the trier of fact.  *State v. Burke* (1995), 73 Ohio St.3d 399, 653 N.E.2d 242;  *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 367, 227 N.E.2d 212, 213–214.

Builders and contractors have a duty to perform their services in a workmanlike manner.  *Barton,* 34 Ohio App.3d at 252, 518 N.E.2d at 19–20; *Leppert v. Combs* (May 5, 1997), Clermont App. No. CA96–10–094, unreported, 1997 WL 226208.  After reviewing the record in the present case, we find competent and credible evidence demonstrating that appellant breached that duty and performed services in an unworkmanlike manner.

Appellees' expert, George Clouser, testified that appellant repaired appellees' roof and foundation in an unworkmanlike manner.  Clouser testified that boards and shingles on appellees' roof had lifted and leaked because appellant had improperly nailed the roof.  Clouser further testified that the roof leaked around the chimney because appellant had failed to install counter flashings.  Clouser also testified that appellant had jacked the foundation too high, which caused the walls and plaster to crack, the floors to buckle, and further damage to the foundation.

Appellant presented the expert testimony of John Stanforth.  Stanforth testified that appellees' roof leaked around the chimney because appellant had failed to install counter flashings.  Stanforth further testified that appellant's work on the roof was not acceptable because sheeting of different thickness was used, some sheeting was not properly installed, and some sheeting was not properly nailed.  Stanforth also testified that appellant's repair work on the foundation was inadequate and had caused the walls to crack and further damage to the foundation.

Based upon the foregoing, we conclude that the trial court's finding that appellant repaired appellees' roof and foundation in an unworkmanlike manner was supported by the testimony of both of the parties' expert witnesses.  Accordingly, the trial court's decision was supported by competent and credible evidence and appellant's second assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and KOEHLER, J., concur.