JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiff-appellant Kenneth Sull appeals the trial court's award of $3,000 to defendant-appellee Patricia A. Postan on her counterclaim. We find merit to the appeal and reverse and remand.
 {¶ 2} On December 21, 2001, Sull filed a complaint in the Berea Municipal Court against Postan for breach of an agreement to pay him $2,624 for work he performed in repairing and remodeling Postan's bathroom. Postan responded with a counterclaim for $3,000, claiming that Sull's work was unsatisfactorily performed and necessitated her hiring a new contractor.
 {¶ 3} The matter was heard before a magistrate on February 20, 2002. The parties proceeded pro se and presented the following evidence:
 {¶ 4} Sull testified that he is retired but does "handyman jobs" part-time. A friend referred him to Postan, who needed repairs to her bathroom.
 {¶ 5} Sull testified that he was nearly finished with the project after two weeks' work, when Postan told him not to come back. Up until that point, he was under the impression that Postan was happy with his work. He testified that he had spent approximately $1,024 in materials and $1,600 in labor, for a total amount of $2,624, for which he was never paid.
 {¶ 6} Postan testified that she was unhappy with the work performed by Sull. She testified the floor was not level; the tile was loose and the grout was cracking; the shower base depressed a couple of inches when stepped on, exposing the floor drain; the shower plumbing was exposed; the shower head was not secured; shower walls did not have the proper backing; the exhaust fan was vented to the attic instead of outside; the drywall was unfinished; trim was cut unevenly; the vinyl siding was not replaced where Sull removed the bathroom window; electrical connectors on the vanity were loose; and there were rusty chrome fittings on the toilet and sink.
 {¶ 7} Postan stated that when Sull told her the job would cost $600 more than he first quoted, she called a friend in the contracting business, who was not sure about the quality of Sull's work. She then called her ex-husband to look at the job and after seeing the work, he advised her to get another opinion. Postan then contacted a Berea building inspector, who informed her that Sull had failed to obtain a permit for the work and that Sull did not carry insurance.
 {¶ 8} John Calvey, the Berea building inspector who saw the work, testified that Sull should have obtained a building permit because the job involved electrical and plumbing work. According to Calvey, the work was poorly performed.
 {¶ 9} Loren Nauth was hired by Postan to complete and repair the work done by Sull. Nauth was in the business of commercial and residential remodeling and confirmed that Sull's work was defectively performed. He presented an exhibit demonstrating that his company performed the work for a total amount of $3,476.97, which included removing the materials Sull installed.
 {¶ 10} Photographs of Sull's work were also admitted into evidence.
 {¶ 11} Based on the above evidence, the magistrate denied Sull's claim and found merit to Postan's counterclaim and awarded her $3,000. Sull filed objections to the magistrate's report. The trial court overruled Sull's objections and affirmed the magistrate's decision, stating:
 {¶ 12} "Upon objection of plaintiff to magistrate report, this Court has reviewed the submissions and the case file. This is a matter of determining credibility, with some discretion, on the part of the magistrate and this court sees no abuse of that here. Therefore, objection's overruled, magistrates report is affirmed and judgment for the defendant for $3,000 plus interest and costs is entered."
 {¶ 13} Sull raises one assignment of error on appeal. He argues that no evidence was presented in support of the $3,000 award in Postan's favor.
 {¶ 14} Although we find sufficient evidence was presented to support the trial court's finding Sull's work to be deficient, we disagree with the amount of damages awarded to Postan. The usual measure of damages in a home improvement case when the contractor fails to perform in a workmanlike manner is the cost of repairs, because the owner of the building is entitled to proper performance of the contract. McCrayv. Clinton County Home Improv. (1998), 125 Ohio App.3d 521; Barton v.Ellis (1986), 34 Ohio App.3d 251, 253.
 {¶ 15} Nauth testified and presented an exhibit demonstrating that the work he performed to complete the project and bring it up to code cost $3,476.97. However, the trial court also found that Postan did not have to pay Sull the $2,624.92. This amount should have been offset against the amount Postan owed the second contractor.
 {¶ 16} Accordingly, Sull's assignment of error has merit and is sustained.
 {¶ 17} Judgment is reversed and remanded for the trial court to recalculate the damages awarded to Postan.
This cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant and said appellee share the costs herein.
It is ordered that a special mandate be sent to the Berea Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and ANN DYKE, J. concur.