DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Marietta Municipal Court judgment in favor of the Washington County Department of Job and Family Services, plaintiff below and appellee herein. The trial court found that Edward Binegar, individually and dba Binegar's Painting, defendant below and appellant herein, had breached the contract into which he entered with appellee and awarded appellee $8,500.
 {¶ 2} Appellant raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
"The trial court erred in finding for plaintiff in that there was no evidence offered at trial to show damages."
SECOND ASSIGNMENT OF ERROR:
"The trial court erred in finding for plaintiff in that the weight of the evidence clearly shows a lack of failure of consideration on the part of the defendant."
THIRD ASSIGNMENT OF ERROR:
"The court erred in not finding on behalf of defendant/appellant."
 {¶ 3} On December 26, 2000, appellant and appellee entered into a written contract. The contract required appellant to paint the interior of appellee's office building for the amount of $12,500.
 {¶ 4} On January 12, 2001, appellee paid appellant one-half of the contract amount, $6,250. On March 14, 2001, appellee exercised its right to terminate the contract. Appellee opted to terminate appellant's services because it believed that appellant had not satisfactorily performed the work.
 {¶ 5} On May 7, 2001, appellee filed a complaint against appellant for breach of contract. Appellee asserted that appellant (1) failed to perform the work in a workmanlike manner; (2) failed to employ, hire, and use only qualified painters to perform the contract work; (3) failed to protect adjacent surfaces; (4) failed to clean paint from surfaces not intended to be painted; (5) failed to properly prepare surfaces to be painted; (6) used materials other than those specified in the contract; (7) altered materials prior to application; and (8) employed subcontractors.
 {¶ 6} On April 23, 2002, the parties tried the case to the court. At the trial, appellee presented evidence that: (1) appellant used watered-down paint to paint the interior of the building, which resulted in an uneven application; (2) appellant had not spackled or otherwise filled holes or dents prior to painting; (3) appellant had not properly prepared the walls before painting; (4) appellant left paint marks on surfaces, such as door knobs and ceiling tiles, that were not intended to be painted; (5) fibers from the paint rollers that appellant used stuck to some of the surfaces that appellant painted; (6) appellant failed to move filing cabinets so that he could paint behind the cabinets; and (7) appellee was not satisfied with appellant's performance. Appellee also presented evidence that as a result of appellant's poor performance, it had to employ another painter to re-paint the areas that appellant had painted and to paint the portion of the building that appellant had not completed. Appellee presented testimony that the cost of employing the other painter to re-do appellant's work, and to complete the painting project, was $14,750.
 {¶ 7} Appellant testified that he performed the work as called for in the contract. Appellant denied watering-down the paint, except to perform touch-up painting. Appellant claimed that he used a good quality paint and that he applied three coats of paint on each surface. Appellant further claimed that he properly prepared the surfaces before he began painting and denied that he failed to spackle or fill holes and dents before painting.
 {¶ 8} On June 14, 2002, the trial court entered judgment in appellee's favor. The trial court found that appellant failed to perform the contract work in workmanlike manner by: (1) failing to move filing cabinets so that he could paint behind them; and (2) using paint rollers that allowed the fibers from the rollers to stick to the wall. The trial court further found that: (1) the paint rubbed off of the wall; (2) appellant had not caulked the windows; (3) the paint coverage not uniform, with some areas being lighter than others; (4) appellant hired subcontractors to perform some of the painting and the contract forbade the use of subcontractors; (5) appellant failed to protect adjacent surfaces; (6) appellant did not properly prepare surfaces prior to painting; and (7) appellant altered the paint by adding water to it, thus voiding paint warranty.
 {¶ 9} The trial court determined that "the quality of the work performed by [appellant] was so poor that [appellant] was justified in seeking a contractor who would repaint all the surfaces that [appellee] had already painted, to complete the contract as originally contemplated by the parties." The court thus concluded that appellee was entitled to "restitution of the moneys paid and the additional moneys expended to correct the defective work."
 {¶ 10} In calculating the amount of damages to award appellee, the trial court found as follows: (1) the value of contract was $12,500; (3) appellee paid appellant $6,250 as partial payment; (3) appellee had to hire another contractor to completely repaint the areas that appellant had painted and to finish the painting project; and (4) appellee paid the other contractor $14,750 to do the work that appellee had agreed to perform for $12,500. The trial court found that appellee paid $2,250 more than it would have paid appellant had appellant properly performed the job. The court thus entered judgment in appellee's favor in the amount of $8,500. Appellant filed a timely notice of appeal.
 {¶ 11} Because appellant's three assignments of error all raise the related issue of whether the record supports the trial court's decision to award appellee $8,500 in damages, we will address the three assignments of error together.[1]
 {¶ 12} In his three assignments of error, appellant argues that the trial court erred by entering judgment in appellee's favor. Appellant asserts that appellee did not present any evidence at trial to support the trial court's damage award of $8,500. We disagree with appellant.
 {¶ 13} "It is well-settled law that `[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'" Sharp v. Norfolk W. Ry. Co.
(1995), 72 Ohio St.3d 307, 313, 649 N.E.2d 1219 (quoting C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus); see, also, Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7,10, 722 N.E.2d 1018. When reviewing a claim that a trial court's judgment is against the manifest weight of the evidence, a reviewing court must employ "an extremely deferential standard of review." State ex rel. Pizzav. Strope (1990), 54 Ohio St.3d 41, 45-46, 560 N.E.2d 765 (citing SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273). Thus, even "some" evidence is sufficient to sustain the judgment and prevent a reversal. See Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159,694 N.E.2d 989; Willman v. Cole, Adams App. No. 01CA25, 2002-Ohio-3596, at ¶¶ 24; Simms v. Heskett (Sep. 18, 2000), Athens App. No. 00CA20.
 {¶ 14} Moreover, the reviewing court must "be guided by a presumption that the findings of the trier-of-fact were indeed correct."Seasons Coal, 10 Ohio St.3d at 80. In Seasons Coal, the court explained that reviewing courts should presume that the trier of fact's findings are correct because "the [fact finder] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."Id. Thus, the trier of fact is free to believe all, part, or none of the testimony of any witness who appeared before it. See, e.g., Rogers v.Hill (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438; Stewart v. B.F.Goodrich Co. (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591; Spurlock v.Douglas, Lawrence App. No. 02CA19, 2003-Ohio-570 ; CHR Enterprises Ltd.v. Demint, Hocking App. No. 02CA9, 2002-Ohio-6531.
 {¶ 15} In the case at bar, we do not believe that the trial court's judgment is against the manifest weight of the evidence. Rather, we believe that the record contains sufficient evidence to support the trial court's conclusion to award appellee $8,500 in damages for appellant's breach of contract. The trial court found that appellant's work was of such poor quality that the entire interior of appellee's building had to be repainted at a cost of $14,750. We find nothing in the record to convince us that the foregoing finding is against the manifest weight of the evidence. The record contains ample evidence to demonstrate that appellee did not perform the painting as contemplated and that the new painter that appellee engaged to finish the project charged $14,750. The trial court further found that appellant contracted to perform the work for $12,500 and that appellee already had paid appellant $6,250. Again, the evidence in the record supports this finding.
 {¶ 16} Using the above figures that are, contrary to appellee's arguments, supported by the evidence, the trial court calculated appellee's damages due to appellant's breach of the contract to be $8,500. As we explain below, we believe that the trial court properly calculated appellee's damages.
 {¶ 17} "[T]he general measure of damages in a contract action is the amount necessary to place the nonbreaching party in the position he or she would have been in had the breaching party fully performed under the contract." Allied Erecting Dismantling Co., Inc. v. Youngstown
(2002), 151 Ohio App.3d 16, 31-32, 783 N.E.2d 523 (citing F.Enterprises, Inc. v. Kentucky Fried Chicken Corp. (1976),47 Ohio St.2d 154, 159, 351 N.E.2d 121). Generally, the proper measure of damages for breach of a construction contract is the cost of repair. SeeOhio Valley Bank v. Copley (1997), 121 Ohio App.3d 197, 210, 699 N.E.2d 540
(citing 5 Corbin on Contracts (1964), Section 1089); see, also, McCrayv. Clinton County Home Improv. (1998), 125 Ohio App.3d 521,708 N.E.2d 1075; Barton v. Ellis (1986), 34 Ohio App.3d 251, 253,518 N.E.2d 18. In other words, the proper measure of damages is the reasonable cost of placing the structure in the condition contemplated by the parties at the time they entered into the contract. See Hansel v.Creative Concrete Masonry Constr. Co. (2002), 148 Ohio App.3d 53,59, 772 N.E.2d 138; Sites v. Moore (1992), 79 Ohio App.3d 694,607 N.E.2d 1114; Apple v. Water World, Inc., Cuyahoga App. No. 80823,2002-Ohio-6326. As the court stated in Rasnick v. Tubbs (1998),126 Ohio App.3d 431, 437, 710 N.E.2d 750:
"Generally, a party injured by a breach of contract is entitled to his expectation interest, or `his interest in having the benefit of the bargain by being put in as good a position as he would have been in had the contract been performed.' Restatement of the Law 2d, Contracts (1981) 102-103, Section 344."
 {¶ 18} In the case at bar, had appellant performed the contract as required, appellee would have paid $12,500 for a properly painted interior. Instead, due to appellant's breach of the contract, appellee paid another painter $14,750, plus appellee already had paid $6,250 to appellant for partial performance. Thus, due to appellant's breach, appellee paid $21,000 for a properly painted interior. The measure of damages that places appellee in the same position it would have been but for appellant's breach is $8,500, which represents the amount appellee had to pay to obtain the services appellant agreed to perform, $21,000, less the amount appellee would have paid but for appellant's breach, $12,500.
 {¶ 19} We therefore conclude that sufficient evidence supports the trial court's decision to award appellee $8,500 in damages. The trial court's judgment is not against the manifest weight of the evidence. Accordingly, based upon the foregoing reasons, we overrule appellant's three assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee shall recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] We note that appellant's second assignment asserts that the evidence "clearly shows a lack of failure of consideration" on appellant's part. Appellant's argument under his second assignment of error, however, is limited to addressing whether the evidence supports the trial court's damage award.