OPINION
{¶ 1} Plaintiff-appellant, McMonigle Excavating and Concrete, Inc., appeals a decision of the Warren County Court of Common Pleas in a dispute between McMonigle and appellees, Danny and Deborah Riley, regarding the construction of appellees' home.
 {¶ 2} Appellees entered into a contract with appellant for work on a new home they were building. According to the contract, appellant was to perform excavating for the foundation and to set and pour footers and a column pad. The contracts signed by the parties specified that all work was to be "completed in a workmanlike manner according to standard practices."
 {¶ 3} According to appellees, appellant did not complete the work according to the terms of the agreement and did not complete the job in a workmanlike manner or according to standard practices. Appellees claimed that appellant failed to excavate the lot to the proper level, the foundation was not square, nonstandard practices were used in pouring the foundation for the front porch and garage separate from the remaining foundation, and a proper base for the porch and garage was not provided due to failure to compact the soil. Appellees also claimed that appellant failed to remove dirt from the garage, did not install footers in the basement and did not backfill the walls. Appellees paid other people to do some of the work that appellant failed to perform.
 {¶ 4} When appellees refused to pay appellant for the work, the company filed a complaint against appellees for breach of contract and foreclosure of a mechanic's lien. Appellees counterclaimed for breach of contract and violation of the Ohio Consumer Sales Practices Act.
 {¶ 5} A trial was held before a magistrate and both parties presented evidence. The magistrate found that appellant failed to perform a portion of the work required under the contract and that the company failed to do some of the work in a workmanlike manner. The magistrate awarded damages to appellees for the amounts they expended to have the work completed and to repair the foundation. The magistrate set off these amounts from the amount due to appellant under the contract, which resulted in an award of $746 to appellees.
 {¶ 6} Appellant filed objections to the magistrate's decision. The trial court affirmed the magistrate's decision, but sua sponte reduced the award by $300 so that it was consistent with the testimony regarding damages. Appellant now appeals the trial court's decision, raising the following two assignments of error for our review:
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court erred when it implied absent terms into a written contract between the parties."
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "The trial court erred when it allowed future damages without expert testimony that such damages will occur to a reasonable certainty."
 {¶ 11} Before discussing appellant's assignments of error, we must first address whether the appeal is properly before this court. In their brief, appellees contend that this court is without jurisdiction to hear the appeal because the notice of appeal does not designate the order appealed from, nor does it designate which court of appeals it intends to appeal to, as required by App.R. 3(D).
 {¶ 12} When considering defective notices of appeal, the Ohio Supreme Court found that "[p]ursuant to App.R. 3(A), the only jurisdictional requirement for a valid appeal is the timely filing of the notice of appeal." Transamerica Ins. Co. v. Nolan
(1995), 72 Ohio St3d 320, paragraph one of the syllabus. The court further instructed that "[w]hen presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted * * *." Id.
 {¶ 13} The notice of appeal in this case, while not specifically stating the order appealed from, gives the trial court case number and the specific issues of the trial court's decision that the appeal is based on. These issues are appellant's assignments of error. Accordingly, we find that appellees were not prejudiced in any way by the defects in the notice of appeal, and find that the appeal is properly before this court.
 {¶ 14} In its first assignment of error, appellant contends that the trial court erred by implying absent terms into the written contract between the parties. Specifically, appellant objects to the magistrate's finding that it had an implied duty to compact the fill dirt under the porch and garage. Appellant contends that the contract was not ambiguous and the court should not have gone beyond the plain language of the contract to determine the obligations of the parties.
 {¶ 15} However, the obligation to compact the fill dirt before the foundation was poured arose, not out of any ambiguity in the contract, but from the duty to complete obligations in a workmanlike manner. Builders and contractors have a duty to perform construction work in a workmanlike manner. Leppert v.Combs (May 5, 1997), Clermont App. No. CA96-10-094; Velotta v.Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376, paragraph one of the syllabus. This standard requires a construction professional to act reasonably and to exercise the degree of care which a member of the construction trade in good standing in the community would exercise under the same or similar circumstances. Ohio Valley Bank v. Copley (1997),121 Ohio App.3d 197, 205.
 {¶ 16} At the hearing, appellees presented the testimony of another excavator who stated that in the excavating business, it is the job of the person preparing the foundation to prepare the soil for the concrete. A consulting engineer testified that the problems appellees were experiencing with cracking was due to the foundations in the porch and garage area being placed on fill that was not compacted.
 {¶ 17} Thus, the trial court did not err in finding that appellant had a duty to perform in a workmanlike manner and that it failed to do so when the garage and porch foundations were placed on soil that was not compacted. Appellant's first assignment is overruled.
 {¶ 18} In its second assignment of error, appellant contends that the trial court erred in awarding future damages without expert testimony that such damages will occur to a reasonable certainty. The trial court awarded damages to appellees for piering of the foundation. Appellant argues that appellees' expert did not testify that the cracking he saw would continue. Appellant also argues that the expert stated that in order to determine whether a foundation is continuing to move, it must be seen more than once. Appellant asserts that this testimony is insufficient to support an award for damages, because it is not substantially certain that the movement will continue.
 {¶ 19} Where a breach of contract occurs as a result of construction not performed in a workmanlike manner and the result is defective construction, the injured party is entitled to recover damages. Leppert v. Combs (May 5, 1997), Clermont App. No. CA96-10-094. The cost of repairing the deficient work is the proper measure of damages since the owner of the building is entitled to proper performance of the contract. McCray v.Clinton County Home Improvement (1998), 125 Ohio App.3d 521,523. "In order to place a building in the condition contemplated by the parties at the time of the contract, `repair of deficient work may involve both additional activities necessitated by the deficient work, and activities previously omitted, but necessary, to proper performance in a workmanlike manner.'" Id., quotingCraft Builders v. McCloud (Jan. 14, 1997), Franklin App. No. 96APE05-716.
 {¶ 20} As mentioned above, appellant objects to the trial court's award of damages for piering. Robert Pretzinger, a consulting engineer, testified that he performed an evaluation of the home by visual inspection and had concerns regarding the front of the house, garage and porch. He stated that the problems occurred in the area of tie in to the house where the foundation had been placed on fill that was not compacted.
 {¶ 21} He further stated that the immediate problem was that the failure to compact the soil had caused some minor cracking and the extent of the problem would become more severe with the passage of time. He stated that the compaction of the fill material would eventually cause a fracture in the foundation wall that would lead to a dropping of the footing and anything that the footing is carrying. Mr. Pretzinger stated that piering would be the least expensive way to fix the problem. This testimony sufficiently described that extent of the defective construction and the necessary remedy. The damages awarded were not future damages, but were for the repair of the deficient work to bring appellees' home into the condition contemplated by the parties when they contracted. Appellant's second assignment of error is overruled.
 {¶ 22} Judgment affirmed.
Valen, P.J., and Powell, J., concur.