**McKINLEY, Appellee,**

v.

**BRANDT CONSTRUCTION, INC., Appellant.**

[Cite as *McKinley v. Brandt Constr., Inc.*, 168 Ohio App.3d 214, 2006-Ohio-3290.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 05CA008792.

Decided June 28, 2006.

Howard T. Lane, for appellant.

Garry McKinley, pro se.

---

SLABY, Presiding Judge.

{¶ 1} Appellant, Brandt Construction, Inc., appeals from the judgment of the Avon Lake Municipal Court awarding appellee, Garry W. McKinley, $3,000 in damages. We reverse the judgment and remand the cause.

{¶ 2} Appellee filed a complaint in the small-claims division of the Avon Lake Municipal Court on December 29, 2004. In his complaint, appellee stated that he had paid about $3,000 for a new pool liner to be installed by appellant. "Due to poor installation, some nails were not secured properly [and] caused holes in the new liner that had to be patched with 3 [three] service calls." Appellee asked the court to award a replacement liner or damages in the amount of $3,000.

{¶ 3} A trial was held on June 14, 2005. Per judgment entry dated July 1, 2005, the trial court granted judgment in favor of appellee in the amount of $3,000. Appellant now appeals the judgment of the trial court, asserting two assignments of error for our review.

## ASSIGNMENT OF ERROR I

The trial court erred by failing to apply the proper legal standard applicable to the performance of repair services by contractors.

## ASSIGNMENT OF ERROR II

The trial court's decision was contrary to law and against the manifest weight of the evidence.

{¶ 4} In its two assignments of error, appellant argues that the trial court erred by failing to apply the proper legal standard applicable to the performance of repair services by contractors. Specifically, appellant maintains that the contractors sent out to repair the damage to appellee's pool liner had a duty to perform their services in a a workmanlike manner, which they did. Appellant presented testimony at trial showing that the contractors had acted in a workmanlike manner, which was unchallenged by appellee. Appellant asserts that

because the evidence shows that the repairs were made in workmanlike manner, the trial court's decision awarding as damages the full value of the pool liner to appellee was against the manifest weight of the evidence. We agree with appellant.

{¶ 5} When the manifest weight of the evidence is challenged, "[a]n appellate court conducts the same manifest weight analysis in both criminal and civil cases." *Ray v. Vansickle* (Oct. 14, 1998), 9th Dist. Nos. 97CA006897 and 97CA006907, at 3, 1998 WL 716930. Namely, we weigh all of the evidence presented, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the lower court "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.

{¶ 6} Pursuant to the statement of the evidence filed pursuant to App.R. 9(C), the facts surrounding the instant lawsuit are as follows: Appellee purchased a pool liner from appellant for about $3,000. Appellant installed the liner and nailed foam padding to the pool walls behind the liner on June 22, 2004. Appellee found nails protruding from the wall of the shallow end of the pool and called appellant to fix the problem. Appellant sent out a diver to go underwater and push the nails back into the pool wall. The diver's efforts resulted in multiple holes in the pool liner. He "patched the holes that he created on the outside of the liner with non-matching material." Appellee complained about the appearance of the pool liner, and appellant sent out more workers to drain the pool and repair the holes from the back side of the liner. The workers failed to remove the glue from the pool liner that the diver had used in making the original patches.

{¶ 7} Appellee thereafter filed suit against appellant for the cost of the pool liner. While the photographs admitted into evidence show that the patches to the liner are visible and do not match, appellee "was unable upon cross-examination to state that the patches made by [appellant] were failing or that the liner in its repaired condition was unfit for use as a pool liner."

{¶ 8} Daniel Brandt, appellant's president, testified that he had training and experience both in installing pools and liners and had participated in the installation of over 200 pools and 500 liners. He stated that the techniques employed by the workers in fixing appellee's pool liner were accepted methods in the pool-installation industry. Mr. Brandt stated that in his experience, the patching done to the pool liner was very durable, and appellee was given a lifetime warranty against leakage. Mr. Brandt acknowledged that some of the glue from the first patching remained but stated that it would dissipate over time. He reiterated that "[t]he manner of patching performed on the pool liner on

October 8, 2005 is a standard practice in the pool installation industry." He noted that "[t]he pool liner would pass for average quality in the pool installation industry[,]" and that he had not received any complaints from appellee regarding leaking.

{¶ 9} Appellee paid for a pool liner in new condition, and equity provides that he should have received some financial consideration for the current state of his pool liner, which admittedly is not in perfect condition. However, we note that appellee did not present any evidence showing that the workers failed to meet industry standards, or that they breached any duty whatsoever.

■■ {¶ 10} Any contract to perform work imposes on the contractor the duty to perform the work in a workmanlike manner. *Lin v. Gatehouse Constr. Co.* (1992), 84 Ohio App.3d 96, 101, 616 N.E.2d 519. " 'Workmanlike manner' has been defined as the way work is customarily done by other contractors in the community." *Jones v. Davenport* (Jan. 26, 2001), 2nd Dist. No. 18162, at 8, 2001 WL 62513, citing *Salewsky v. Williams* (Sept. 17, 1990), 5th Dist. No. CA–8131, at 4, 1990 WL 139731. When a contractor fails to perform in a workmanlike manner, the proper measure of damages is the cost to repair the damage to the condition contemplated by the parties at the time of the contract. *McCray v. Clinton Cty. Home Improvement* (1998), 125 Ohio App.3d 521, 523–524, 708 N.E.2d 1075.

{¶ 11} In the case at hand, at the time of contract, appellee likely had contemplated receipt of a pool liner in perfect condition in exchange for approximately $3,000. Had the contractors working on the pool liner failed to act in accordance with industry standards, the proper measure of damages would be the cost of placing the pool liner in the condition that appellee had contemplated at the time of contract. However, there was no evidence introduced that demonstrated that the contractor's work fell below industry standards, nor did the lower court independently make such a finding. In fact, the only evidence pertaining to industry standards that was introduced before the lower court was the testimony of Mr. Brandt, who stated that the contractors acted in accordance with industry standards.

{¶ 12} The lower court erred in awarding damages in favor of appellee without making a finding that appellant or its contract workers in some way breached a duty owed to appellee. Consequently, we sustain appellant's assignments of error, reverse the lower court's judgment, and remand the cause.

*Judgment reversed*
*and cause remanded.*

BOYLE and MOORE, JJ., concur.

MOORE, J., concurring.

{¶ 13} I concur in the judgment of the majority. I write separately, however, to stress the importance of the trial court's distinct advantage in making factual determinations, having observed the witnesses and relevant physical evidence first hand. See *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. My concurrence in this reversal is based upon the fact that the undisputed evidence supports a finding that the repair work was completed in a workmanlike manner. Accordingly, as a matter of law, the full cost of replacing the pool liner was not an appropriate award of damages. I do not, however, disagree with the sentiment expressed by the trial court that appellee is entitled to that for which he has paid. The structural integrity as well as the aesthetics of the pool lining are properly taken into account in making that determination. Upon remand, the appropriate measure of damages will be a matter within the trial court's sound discretion based upon the evidence before it.