OPINION
{¶ 1} Defendant-appellant, Timothy R. Young, appeals from a judgment rendered against him and his business, B T Services, in a construction breach of contract case. Young contends that the amount of damages awarded against *Page 2 
him is not supported by the evidence, and is against the manifest weight of the evidence.
 {¶ 2} We conclude that there is competent, credible evidence in the record supporting the trial court's decision regarding damages, and is not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In 2006, Mark and Jean Couchot's residence was damaged by fire. Thereafter, the Couchots contracted with Young for the repair of their residence. At some point, the Couchots terminated the contract due to substandard work performed by Young. The Couchots then entered into a construction contract with Airway Construction Company for the completion of the repair work, as well as for remediation of Young's work.
 {¶ 4} The Couchots filed a complaint for breach of contract, negligence and poor workmanship arising from Young's work on their residence. The case was tried to the court in September, 2007, following which the trial court rendered judgment against Young. Relevant to this appeal, the trial court found that the Couchots reasonably and necessarily paid the sum of $10,763.64 to Airway for remediation and completion of the work done by Young. From this judgment, Young appeals.
 II {¶ 5} Young's sole assignment of error states as follows:
 {¶ 6} "THE JUDGMENT AMOUNT OF $10,763.64 IS NOT SUSTAINED BY *Page 3 
THE EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT THE EVIDENCE FAILED TO DISCLOSE THE REASONABLE COST OF MATERIAL AND LABOR REQUIRED TO RESTORE THE CONSTRUCTION JOB TO THE ORIGINAL CONDITION CONTEMPLATED BY THE PARTIES."
 {¶ 7} Young contends that the trial court erred in assessing damages. While he does not deny the appropriateness of awarding some amount of damages, he argues that the Couchots failed to present evidence sufficient to support an award of $10,763.64.
 {¶ 8} "When a contractor fails to perform in a workmanlike manner, the proper measure of damages is the cost to repair the damage to the condition contemplated by the parties at the time of the contract."McCray v. Clinton Cty. Home Improvement (1998), 125 Ohio App.3d 521,523-524. "[T]he repair of deficient work may involve both additional activities necessitated by the deficient work, and activities previously omitted, but necessary, to proper performance in a workmanlike manner."Jarupan v. Hanna, 173 Ohio App.3d 284, 294, 2007-Ohio-5081, ¶ 19, quoting Barton v. Ellis (1986), 34 Ohio App. 3d 251.
 {¶ 9} In this case, the trial court concluded that Young's work was substandard, and that he breached the terms of the contract by failing to perform in a workman-like manner. The trial court further concluded that the Couchots had been required to pay Airway the sum of $10,763.64 for remediation of the work started by Young. Finally, the trial court determined that this amount was reasonable and necessary.
 {¶ 10} Judgments supported by some competent, credible evidence going to all *Page 4 
the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. MorrisCo. v. Foley Const. Co. (1978), 54 Ohio St.2d 279, 280. "[W]hen reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct." Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80-81.
 {¶ 11} From our review of the record, we conclude that the trial court's judgment is appropriate. There is testimony in the transcript from Mark Couchot which supports the finding that he paid Airway the sum of $10,763.64 for the completion, and remediation, of Young's work. Couchot also testified as to each portion of the work required, setting forth the amount paid for remediation and completion.
 {¶ 12} Michael Stacey testified on behalf of Airway. Stacey's testimony addressed the flaws in Young's repairs. Stacey's testimony demonstrated that his company was required to complete work or remediate work done in seven separate parts of the Couchot residence. For example, Stacey testified that Young had failed to properly frame the living room and that the work that was performed prevented the installation of "electric or drywall." He further testified that the front door had been installed too low and that it would not open out over even a layer of sub-flooring. Stacey testified that the door had to be removed, the threshold had to be repaired, and the door had to be rehung with its height raised. Stacey also provided testimony regarding the cost of the work done for all seven areas of the home. Stacey also provided testimony that the costs assessed included both labor and materials.
 {¶ 13} We will not recapitulate Stacey's testimony, which encompasses more *Page 5 
than sixty pages of transcript as well as several submitted exhibits. However, we note that a review of his testimony demonstrates that there is credible evidence in the record regarding the nature of the work/remediation required, as well as the labor and materials cost of that work. We further conclude that Stacey's testimony is not inherently incredible, and that the trial court's calculation of damages is not against the manifest weight of the evidence. Therefore, we conclude that the trial court did not err in its assessment of the amount of damages.
 {¶ 14} Young's sole Assignment of Error is overruled.
 III {¶ 15} Young's sole Assignment of Error being overruled, the judgment of the trial court is affirmed.
BROGAN, J., and GRADY, J., concur.
Copies mailed to:
Frank J. Patrizio
Paul Princi
 Hon. Jeffrey M. Welbaum *Page 1