[Cite as *Riley v. Hawley*, 2011-Ohio-4422.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TIM RILEY | : |
| | : |
| Plaintiff-Appellant | : |
| | : |
| -vs- | : |
| | : |
| JOEL HAWLEY | : |
| | : |
| Defendant-Appellee | : |

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. Sheila G. Farmer, J.
Hon. Julie A. Edwards, J.


Case No. 11-COA-010

O P I N I O N



CHARACTER OF PROCEEDING:     Appeal from the Municipal Court, Case No.
                             10-CVI-01443



JUDGMENT:     Judgment Vacated; New Judgment Entered



DATE OF JUDGMENT ENTRY:     August 30, 2011



APPEARANCES:

For Plaintiff-Appellant

TIM RILEY, PRO SE
4525 Gibbs Road
Norwalk, OH 44857

For Defendant-Appellee

JOEL HAWLEY, PRO SE
309 Country Road 40
Sullivan, OH 44880

*Farmer, J.*

**{¶1}** On October 13, 2010, appellant, Tim Riley, filed a complaint against appellee, Joel Hawley, alleging breach of contract. The parties had entered into an oral contract wherein appellant was to provide architectural work and obtain a building permit for a property appellee was contracted to work on. Appellant alleged that appellee owed him $2,640.90 for services rendered.

**{¶2}** On November 9, 2010, appellee filed a counterclaim, alleging that he had to spend $2,995.00 to remedy appellant's errors.

**{¶3}** A hearing before a magistrate was held on November 17, 2010. By decision filed January 20, 2011, the magistrate found against appellant on his complaint and for appellee on his counterclaim. Appellant filed objections. By judgment order filed March 9, 2011, the trial court approved and adopted the magistrate's decision and awarded appellee $2,995.00.

**{¶4}** Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

**{¶5}** "THE TRIAL COURT ERRED BY AWARDING THE INCORRECT AMOUNT OF DAMAGES IN FAVOR OF APPELLEE HAWLEY."

I

{¶6} Appellant claims the trial court erred in its determination of damages as it did not apply the correct legal standard in awarding damages. We agree in part.

{¶7} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶8} As explained by our brethren from the Ninth District in *McKinley v. Brandt Construction, Inc.,* 168 Ohio App.3d 214, 2006-Ohio-3290, ¶10:

{¶9} "Any contract to perform work imposes on the contractor the duty to perform the work in a workmanlike manner. *Lin v. Gatehouse Constr. Co.* (1992), 84 Ohio App.3d 96, 101, 616 N.E.2d 519. ' "Workmanlike manner" has been defined as the way work is customarily done by other contractors in the community.' *Jones v. Davenport* (Jan. 26, 2001), 2nd Dist. No. 18162, at 8, 2001 WL 62513, citing *Salewsky v. Williams* (Sept. 17, 1990), 5th Dist. No. CA-8131, at 4, 1990 WL 139731. When a contractor fails to perform in a workmanlike manner, the proper measure of damages is the cost to repair the damage to the condition contemplated by the parties at the time of the contract. *McCray v. Clinton Cty. Home Improvement* (1998), 125 Ohio App.3d 521, 523-524, 708 N.E.2d 1075."

{¶10} Appellant stated he drew and submitted plans and obtained the required building permit in partial performance of the contract. T. at 3. Appellant argues the work performed enabled appellee to secure the permit and therefore he should be paid

in full. In support of his position, appellant presented Plaintiff's Exhibit C, a copy of the check he wrote to pay for the permit ($100.00). T. at 5. In the magistrate's determination of damages, as approved and adopted by the trial court, there was no acknowledgment of this cost:

{¶11} "Based upon all of the evidence, the Magistrate finds that the Plaintiff is not entitled to recover any monies from the Defendant. The work he was contracted to do was done in an unworkmanlike manner and was not fit for the purpose for which it was intended. It ended up requiring Defendant to hire another architect to complete the work and fix the errors, and also cost him money. Defendant is not required to pay for these services.

{¶12} "The Magistrate finds that Defendant is entitled to recover the amount of $2995.00 from Plaintiff for the damages he incurred as a result of relying upon the faulty work done by Plaintiff. The evidence establishes that the work was done with errors and deficiencies and that as a direct result, Defendant incurred costs of $2995.00. Therefore, the Magistrate finds that the Defendant is entitled to judgment in the amount of $2995.00 against the Plaintiff, with interest thereon at the statutory rate of 4 percent per annum until paid, plus costs.

{¶13} "The Plaintiff's claim should be dismissed with costs taxed to Plaintiff."

{¶14} It was appellee's position that appellant did not have that much to do to obtain the building permit. T. at 7. Once the permit was procured, mistakes were discovered in the plans. T. at 8. Appellant was contacted to make the necessary corrections, but he never did them. T. at 8-9, 21. As a result of following the plans, a required retention pond was oversized and had to be corrected. T at 10, 17;

Defendant's Exhibit A. Appellee had to provide new plans, and paid $425.00 to an architectural group for the work. T. at 9; Defendant's Exhibits B. The total cost for the architectural work and to fix the pond amounted to $2,995.00. T. at 13; Defendant's Exhibit D. It was appellee's opinion that sixty percent of what appellant drew had to be redone. T. at 22.

{¶15} The trial court awarded appellee damages on his counterclaim pursuant to Defendant's Exhibit D which included the amounts for the redesign and reconstruction of the pond.

{¶16} We find the evidence is sufficient to support the trial court's determination on the costs for repairs as a result of appellant's unsatisfactory plans. However, we also find the trial court erred in not crediting appellant for the $100.00 permit he obtained which was used to perform the work. Pursuant to App.R. 12(C), we hereby adjust the judgment to appellee to $2,895.00 to reflect the $100.00 permit fee.

{¶17} The sole assignment of error is granted in part.

{¶18} The judgment of the Municipal Court of Ashland County, Ohio is hereby vacated, and judgment is entered for appellee as against appellant in the amount of $2,895.00.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_Julie A. Edwards_____

JUDGES

SGF/sg 816

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TIM RILEY | : | |
| | : | |
|     Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOEL HAWLEY | : | |
| | : | |
|     Defendant-Appellee | : | CASE NO. 11-COA-010 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio is vacated, and judgment is entered for appellee as against appellant in the amount of $2,895.00.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_Julie A. Edwards_____

JUDGES