[Cite as *Bevens v. Wooten Landscaping, Inc.*, 2012-Ohio-5137.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | |
|---|---|---|
| WM. WRAY BEVENS, | : | |
| Plaintiff-Appellant, | : | Case No. 11CA819 |
| vs. | : | |
| WOOTEN LANDSCAPING, INC., | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellee. | : | |

_____

APPEARANCES:

APPELLANT PRO SE: Wm. Wray Bevens, 312 1st Avenue, Waverly, Ohio 45690

COUNSEL FOR APPELLEE: Stanley C. Bender, 707 Sixth Street, P.O. Box 950,
Portsmouth, Ohio 45662

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 10-25-12
ABELE, P.J.

{¶ 1} This is an appeal from a Pike County Court judgment in favor of Wooten

Landscaping, Inc., defendant below and appellee herein.

{¶ 2} Wm. Wray Bevens, plaintiff below and appellant herein, assigns the following error
for review:

"THE JUDGMENT OF THE TRIAL COURT IS CONTRARY TO

LAW."

{¶ 3} In late 2006, appellee installed landscaping on appellant's property. During the next

two years, appellant performed the maintenance of the landscaping, including pruning and trimming. Toward the end of 2008, appellant became dissatisfied with the appearance of his landscaping and contacted appellee. One complaint was that the plants lacked symmetry. Appellant admitted, however, that some of his pruning and trimming resulted in the asymmetry. Appellee advised appellant that appellee could perform landscape maintenance to address appellant's complaint of asymmetry for $900.

{¶ 4} Appellee's $900 quote did not appease appellant, however. Subsequently, appellant filed a complaint and alleged that appellee failed to install the landscaping in a workmanlike manner and requested $1,800 in damages.

{¶ 5} At trial, appellant testified that after appellee had installed the landscaping, "it became obvious to [him] that the plants that [appellee] had planted on the right side of the house were substantially lower than the plants he had planted on the [left] side of the house." He stated that appellee failed to (1) place plants in an equal distance from the porch (2) ensure that the plants were level, (3) uniformly space plants, (4) plant full-sun plants in full sun, (5) place a hemlock tree in a visible location; and (6) use the mulch appellant desired. Appellant essentially testified that he did not believe appellee installed the landscaping as specified in the proposal. He further admitted, however, that after appellee installed the landscaping in 2006, he paid appellee and agreed that the landscaping "looked relatively close to what the drawing had indicated." Appellant testified that he believed appellee's unworkmanlike landscaping caused him to lose "the benefit of [his] bargain to the tune of $1800.00."

{¶ 6} On cross-examination, appellee's counsel asked appellant whether he had expertise in landscaping. Appellant stated that he did not "think that one has to be an expert to see that

things are out of line and out of level and spaced irregularly."   Appellant testified that even though appellee installed the landscaping in 2006, appellant did not notice the symmetry issue until 2008–after appellant had been pruning and trimming the landscaping for approximately two years.

{¶ 7}   Appellant stated that he contacted appellee in 2009 to discuss his dissatisfaction. Appellant "tried to work out some type of arrangement" to make the landscaping "look correct." Appellee submitted appellant a written proposal to "remedy [appellant's] questions with [his] landscape."   The proposal noted that appellant had the following issues with the landscaping: (1) "2-levels of planting @ walk"; (2) "overgrown trees & shrubs" (3) "lack of mulch"; (4) "shrubs & grass growing together"; (5) "weeds in mulch"; and (6) "2-shrubs crooked." Appellee's proposal noted that "after 2 ½ years, the [landscaping] does look very much in need of [landscape] maint[enance]."   Appellee proposed that for $900, appellee would remedy appellant's landscaping issues by: (1) weeding, pruning, edging and mulching; and (2) straightening two shrubs. Appellant did not want to pay for these services, however.

{¶ 8}   Appellant stated that he requested $1,800 in damages but agreed that it was "a guess."   Appellee's counsel asked him:

> "And is it your position * * * that it's okay to guess as to your damages in court?
> [A]: No.
> [Q]: In fact, your very words in you[r] deposition was $1800.00 is a guesstimate . . . fair enough?
> [A]: That's right."

{¶ 9}   Appellee testified that he installed the plants in a symmetrical manner and that he performed the landscaping in a workmanlike manner.   Appellee stated that the lack of symmetry resulted from appellant's pruning.

{¶ 10} On January 10, 2011, the trial court entered judgment in appellee's favor. The court determined that appellant's failure to present expert testimony regarding the standard of care required to perform landscaping in a workmanlike manner was fatal to his case. This appeal followed.

{¶ 11} In his sole assignment of error, appellant argues that the trial court's judgment is contrary to law. Specifically, he asserts that the trial court improperly determined that he was required to present expert testimony to prove his claim that appellee failed to perform in a workmanlike manner.

{¶ 12} Generally, we will uphold a trial court's judgment as long as the manifest weight of the evidence supports it–that is, as long as some competent and credible evidence supports it. E.g., Eastley v. Volkman, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, 17; Shemo v. Mayfield Hts., 88 Ohio St.3d 7, 10, 722 N.E.2d 1018 (2000); C.E. Morris Co. v. Foley Construction Co., 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus. This standard of review is highly deferential and even "some" evidence is sufficient to support a court's judgment and to prevent a reversal. See Barkley v. Barkley, 119 Ohio App.3d 155, 159, 694 N.E.2d 989 (4th Dist. 1997); Willman v. Cole, Adams App. No. 01 CA725, 2002–Ohio–3596, ¶24.

{¶ 13} Although appellate courts will ordinarily afford great deference to a trial court's factual findings, appellate courts do not afford any deference to a trial court's application of the law. Instead, appellate courts must independently review whether a trial court properly applied the law. Lovett v. Carlisle, 179 Ohio App.3d 182, 2008–Ohio–5852, 901 N.E.2d 255, ¶16; Pottmeyer v. Douglas, 4th Dist. No. 10CA7, 2010–Ohio–5293, ¶21.

{¶ 14} In the case sub judice, appellant's assignment of error alleges that the trial court

misinterpreted the law by determining that he must present expert testimony. We find it unnecessary, however, to address this question of law. Instead, we may uphold the trial court's judgment, even if legally incorrect regarding the expert testimony issue, on the alternate basis that appellant failed to prove damages with reasonable certainty. "[I]t is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." Agricultural Ins. Co. v. Constantine, 144 Ohio St. 275, 284, 58 N.E.2d 658 (1944). Accord State ex rel. Carter v. Schotten, 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309 (1994); Joyce v. General Motors Corp., 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990). Thus, when a trial court has stated an erroneous basis for its judgment, an appellate court must nevertheless affirm the judgment if it is legally correct on other grounds. Reynolds v. Budzik, 134 Ohio App.3d 844, 846, 732 N.E.2d 485, 486, fn.3 (6th Dist. 1999); Newcomb v. Dredge, 105 Ohio App. 417, 424, 152 N.E.2d 801, 806-807 (2nd Dist. 1957) ("It is the duty of the reviewing court to affirm the judgment if it can be supported on any theory, although a different theory from that of the trial court.").

{¶ 15} In the case at bar, even if the trial court's rationale for its judgment in appellee's favor is incorrect, we must uphold the judgment if it is proper under a different theory. Here, we believe that the trial court's judgment is proper under the theory that appellant failed to prove his damages.

{¶ 16} When a builder or contractor breaches its implied duty to perform in a workmanlike manner, the cost of repair is the proper measure of damages. McKinley v. Brandt Constr., Inc., 168 Ohio App.3d 214, 2006-Ohio-3290, 859 N.E.2d 572, ¶10 (9th Dist.); McCray v. Clinton Cty. Home Improvement, 125 Ohio App.3d 521, 523, 708 N.E.2d 1075 (12th Dist. 1998). "[T]he repair

of deficient work may involve both additional activities necessitated by the deficient work, and activities previously omitted, but necessary, to proper performance in a workmanlike manner." Barton v. Ellis, 34 Ohio App.3d 251, 254, 518 N.E.2d 18 (10th Dist. 1986). "Damages need not be calculated with mathematical certainty, but cannot be based on mere speculation and conjecture." Atelier Dist., L.L.C. v. Parking Co. of Am., Inc., 10th Dist. No. 07AP–87, 2007–Ohio–7138, ¶60, citing Allied Erecting & Dismantling Co., Inc. v. Youngstown, 151 Ohio App.3d 16, 2002–Ohio–5179, 783 N.E.2d 523, ¶64 (7th Dist.). Instead, a "plaintiff must show its entitlement to damages in an amount ascertainable with reasonable certainty." Id., citing Allied, and Interstate Gas Supply, Inc. v. Calex Corp., 10th Dist. No. 04AP–980, 2006–Ohio–638, ¶59.

{¶ 17} In the case at bar, appellant failed to prove his damages with any certainty–reasonable or otherwise. Appellant testified that his $1,800 figure represented his "guesstimate." He offered no explanation for how he arrived at the $1,800 figure. Thus, his testimony that he suffered $1,800 in damages is speculation. Consequently, we believe that appellant failed to present sufficient evidence to prove his entitlement to damages.

{¶ 18} While the record contains some evidence that appellee agreed to perform landscape maintenance for $900, the evidence does not establish that $900 represents the amount of damage appellant suffered, if any. Appellee prepared a written letter to appellant that contained "a bid on landscape maintenance, which [appellee] believe[d] would remedy [appellant's] questions with [his] landscape." The quote was $900 and stated that appellee would weed, prune, edge, mulch and straighten two shrubs. The letter is not clear that the quote was prepared in order address the alleged damage appellant claimed to have suffered as a result of the allegedly unworkmanlike landscaping. In fact, the letter states that the quote is for "landscape maintenance." The most

that this $900 figure represents is that appellee agreed to perform landscape maintenance.   Thus, we do not believe that this letter constitutes proof with reasonable certainty of appellant's damages.  Consequently, because appellant failed to prove his damages with reasonable certainty, the trial court's judgment in appellee's favor is neither contrary to law nor against the manifest weight of the evidence.

{¶ 19}  Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Kline, J., dissenting.

{¶ 20}  I respectfully dissent because I believe the appellee's $900 offer for "landscape maintenance" could constitute competent, credible evidence of damages.   When the appellee informed the appellant of the $900 offer, the appellant asked "who [pays] who the $900[?]"   Trial Tr. at 71.   This suggests that the appellant viewed the $900 as a possible damages amount.

{¶ 21}  "'Competency' * * * means testimony from one who has personal knowledge of the matter for which testimony is elicited. * * * [And] '[c]redible' means worthy of belief."   *Swan Creek Twp. v. Wylie & Sons Landscaping*, 168 Ohio App.3d 206, 2006-Ohio-584, 859 N.E.2d 566, ¶ 33 (6th Dist.).   In my view, the evidence satisfies these criteria.   I acknowledge that the fact finder may give very little weight to the $900 offer as a damages amount.   However, I believe the

fact finder should make this determination.

{¶ 22} Accordingly, I would address the appellant's assignment of error, and I respectfully dissent.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment & Opinion
Kline, J.: Dissents with Opinion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.